AO 243    (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

(If movant has a sentence to be served in the futu                    hi-h he or she

attack, the movant should file a motion in the federal          enief

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A

Explanation and Instructions—Read Carefully

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis,* in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

AO 243   (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **District of Massachusetts** | |
|---|---|---|
| Name of Movant **CALVIN PARKER** | Prisoner No. **22157-038** | Case No. **98-10185-NG** |
| Place of Confinement | | |

**United States Penitentiary, P. O. Box 1000, Lewisburg, Pa. 17837**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | V. | **CALVIN PARKER** (name under which convicted) |

## MOTION

1. Name and location of court which entered the judgment of conviction under attack   **United States District District of Massachusetts**

2. Date of judgment of conviction   **June 4, 1999**

3. Length of sentence   **151 - months**

4. Nature of offense involved (all counts)   **Title 21 U.S.C. § 841(a)(1) on Count # 54, charging Petitioner with Possession With Intent to Distribute and Distribution of Cocaine Base; and Aiding & Abetting**

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   **I pleaded guilty to Count 54 of the original indictment.  Counts 1, 29, 53, 55, and 68 of the original indictment, and the entire superseding indictment was dismissed upon the imposition of sentence.**

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

AO 243
REV 6/82

9. If you did appeal, answer the following:

(a) Name of court United States Court of Appeals For The First Circuit

(b) Result Dismissed as untimely

(c) Date of result January 10, 2003

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a)(1) Name of court United States Court of Appeals For The First Circuit

(2) Nature of proceeding Application For Permission to File a "Second or Successive" 28 U.S.C. § 2255, Pursuant to 28 U.S.C. § 2244(a)

(3) Grounds raised The prior convictions the government utilized to gain an enhancement as Career Offender of the petitioner's sentence were obtained unconstitutionally due to a violation of due process by the Commonwealth's District Court.  Audio Tapes of the plea colloquy proves his innocence and invalidate convictions.*

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result See - Court of Appeals Judgement, dated 2/4/03 - Exhibit I.

(6) Date of result February 4, 2003

(b) As to any second petition, application or motion give the same information:

(1) Name of court U. S. District Court - District of Massachusetts

(2) Nature of proceeding Motion For Authorization for Assistance of Counsel on 28 U.S.C. § 2255, Pursuant to the Criminal Justice Act

(3) Grounds raised Notwithstanding the Court of Appeals' judgment, 2 years earlier, no pleading of Petitioner's had been transferred to and Docketed by the District Court as a § 2255 petition.

AO 243
REV 6/82

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐ No ☒

(5) Result __Please see, Memorandum and Order, dated March 22, 2005-Ex. II__

(6) Date of result __March 22, 2005__

(c) As to any third petition, application or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised_____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐ No ☐

(5) Result _____

(6) Date of Result _____

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc.      Yes ☐ No ☐
(2) Second petition, etc.     Yes ☐ No ☐
(3) Third petition, etc.      Yes ☐ No ☐

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

__My initial filing was to the United States Court of Appeals__

__For The First Circuit.__

_____

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243
REV 6/82

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: The government prosecutor used a police complaint/ police report that was inadmissible at my Sentencing Hearing..

Supporting FACTS (tell your story *briefly* without citing cases or law): This was a distinct violation of my due process rights under the Fifth Amendment and contrary to clearly established Federal law as determined by the Supreme Court of the United States standard "categorical" approach.

B. Ground two: The government's use of an "archaeological dig" approach had previously been rejected by the Supreme Court.

Supporting FACTS (tell your story *briefly* without citing cases or law): Neither the police report or the police complaint could reliabily be said to have the requisite indicia of reliability as embraced by the Supreme Court's "categorical" approach aforementioned.

C. Ground three: During the petitioner's sentencing hearing the government's use of this inadmissible evidence to enhance...

Supporting FACTS (tell your story *briefly* without citing cases or law): The petitioner's sentence was enhanced to that of a **Career Offender** by the prosecutorial misconduct involving the utilization of inad-missible evidence (e.g., police report and police complaint) via an "archeological dig" that had been rejected by the

AO 243
REV 6/82

Supreme Court's precedential case as cited within the petitioner's accompanying Memorandum of Points and Authorities.

D. Ground four: Ineffective Assistance of (1) Plea; (2) Sentencing Hearing Counsel, (e.g., failure to file a timely notice of appeal.

Supporting FACTS (tell your story *briefly* without citing cases or law): Again, pursuant to Supreme Court precedent, petitioner's (1) Plea; and (2) Sentencing Hearing Counsel's performance was deficient within the meaning of the Sixth Amendment's guarantee of the effective assistance of counsel "at all critical stages" of the legal proceeding[s] complained of herein. Counsel failed to object and challenge U.S.S.G § 4B1.1's enhancement.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: None of the grounds 1 through 4 have been previously presented due to the inadequate, grossly incompetent, and egregiously ineffective assistance of (1) Plea Bargaining/Negotiating Counsel and (2) Sentencing Hearing Counsel who by failing to file a timely notice of appeal was deficient...

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing Ms. Juliane Balliro, Esquire, **PERKINS, SMITH & COHEN,** 1 Beacon Street, Boston, Massachusetts 02108. (617) 854-4000

(b) At arraignment and plea SAME AS ABOVE STATED

(c) At trial NOT APPLICABLE

(d) At sentencing Ms. Juliane Balliro, Esquire, **PERKINS, SMITH & COHEN,** 1 Beacon Street, Boston, Massachusetts 02108. (617) 854-4000

(g) On appeal from any adverse ruling in a post-conviction proceeding    NOT APPLICABLE

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐    No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future:    NOT APPLICABLE

    (b) Give date and length of the above sentence:    NOT APPLICABLE

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ☐    No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_4/19/05___
Date

_Calvin Roddess_____
Signature of Movant

(7)

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CALVIN PARKER,

      Petitioner:          C.A. No. 98-10185-NG

   v.

UNITED STATES OF AMERICA,

      Respondent:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

OF 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE

OR CORRECT SENTENCE IMPOSED

Ground One

The Police Complaint in Criminal Docket # 9652CR002257,

dated 7/3/96, lists the complainant's name as **Burke, Brenda A.**,

however, on page 34 of the Petitioner's Presentence Investigation

Report, it states as follows:

> "[C]ambridge Police records indicate that on
> 07/02/96, the defendant went to Annie Ruth
> Spencer's residence at 107 Norfolk Street,
> Cambridge, MA in order to give her money for
> their two children. [emphasis added by the
> instant Petitioner]...

> Ms. Spencer told the defendant that she did not
> want him in her residence, but he forced him-
> self in and began calling for his son Calvin to
> come with him. Ms. Spencer told her son not to
> go with the defendant. Ms. Spencer's other two
> year old daughter, Shayla Spencer, (not the de-
> fendant's child) followed the defendant at which
> point the defendant stated "I'll take your little
> girl," and struck her several times on the hands
> and arms...

> The defendant then grabbed Ms. Spencer by the left
> arm, bending her fingers and hands backward and
> began bitting her on the wrist. The officer did
> note a visible injury...

> Ms. Spencer then called police to have the defendant
> removed, at which point he grabbed the telephone
> and threw it. The defendant then grabbed Ms. Spencer

(1)

> by her throat and pushed her before fleeing the apartment...
>
> An emergency 209A (restraining order) was issued by on-duty Judge Bletzer from Newton District Court.  An arrest warrant was issued for the defendant..."

In order to determine whether the Petitioner was convicted of such an offense, (e.g., Assault & Battery against complainant, Brenda A. Burke] it has been held that a sentencing court should narrow its inquiry to the fact of conviction, and whether the conviction's statute included the generic elements, rather than examining the facts underlying the convictions.  See, **Taylor v. United States**, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); **United States v. Damon**, 127 F.3d 139, 141, 142 (1st Cir. 1997); **United States v. Meader**, 118 F.3d 876, 881-83 (1st Cir. 1997); **United States v. Winter**, 22 F.3d 15, 18 (1st Cir. 1994);  **United States v. DeJesus**, 984 F.2d 21, 23 (1st Cir. 1993);  **United States v. Dueno**, 171 F.3d 3, 4 (1st Cir. 1999);  **United States v. Shepard**, 125 F.Supp.2d 562, 569 (D.Mass. 2000) (all collected cases discussing the "categorical" approach [which this Court has described as focusing on the formalities of the record]).

In such a case as the instant one, while the sentencing judge may not hold a mini-trial on the particular facts underlying the prior offense, ... he or she may "peek beneath the coverlet" of the formal language to ascertain whether the conviction was for a violent or a non-violent crime.  The question presented here is how far that "peek" can go, regardless of the government's urging.

## Ground One (A)

The Government prosecution committed prosecutorial misconduct by illegally utilizing an "unverified" police report and/or police complaint of an alleged assault and battery on a complainant by the name [as listed thereupon] Brenda A. Burke.  Then, during the instant Petitioner's sentencing hearing before this Honorable Court they utilized a Presentence Investigation Report, page 34, to substantiate the alleged assault and battery as charged in the aforementioned police report and/or complaint, although it must be taken judicial notice of the fact that the name of the complainant has mysteriously changed from Brenda A. Burke to that of Annie Ruth Spencer.  (emphasis added). **This was a clear and concise violation of the Petitioner's Due Process right to [correct information] being utilized in his legal proceedings, both past and present.**  The government's use of the foregoing "inadmissible evidence" to effect a "Career Criminal" enhancement under U.S.S.G. § 4B1.1, at the Petitioner's sentencing hearing before this Honorable Court.  Because **Parker** objected to this particular factual representation, et cetera in the PSR, the government should not have been allowed to rely on the characterizations found therein.

## Sentencing Court's Limitation

Pursuant to the recent Supreme Court's decision in **Shepard v. United States, No. 03-9168 (U.S. March 7, 2005)** ("... a sentencing court is 'generally limited to examining the statutory definition [of the prior offense of conviction], **charging document,** written plea agreement, **transcript of plea colloquy,** and any explicit factual finding by the trial judge to which the defendant assented").

(3)

## Grounds Two, Three Consolidated Argument

This Honorable Court has already stated in a previous case that ... "[P]olice reports and complaint applications do not meet the narrow exception to the categorical approach [as articulated in the case of **Taylor v. United States**, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (quoting **United States v. Shepard**, 125 F.Supp.2d at 569). In sum, the police complaint/report and information presented to this Honorable Court by the government at the Petitioner's sentencing hearing by the prosecutor was inadmissible and the prosecutor knew and/or should have known it was such. Petitioner states unequivocally that he was "actually innocent" of the conviction for assault and battery of Annie Ruth Spencer, since he was never formally charged by complaint nor indicted for such criminal conduct and behavior. Likewise, Petitioner asserts that he is "actually innocent" of the sentence imposed for the aforementioned conviction for the same reason as stated above. Therefore, since the Petitioner was never (1) convicted or (2) sentenced for an assault and battery upon the named complainant, Brenda A. Burke, the government's prosecution is null and void due to their constructive amendment of the police complaint, indictment, and evidence presented during the legal proceedings complained of.

However, even if this Honorable Court were to ultimately conclude from the Petitioner's criminal history that he qualified for the Career Offender enhancement sought and procured by the government in this case, the Petitioner would still qualify for a downward departure pursuant to U.S.S.G. § 5K2.13(10B. Abuse; **United States v. Fulton**, 960 F.Supp. 479 (D.Mass. 1997) (which the court found petitioner was 'functioning under a diminished mental ability, re-

(4)

levant under § 5K1.13 as an encouraged ground of departure in
appropriate circumstances, as a result of dramatically adverse
conditions of her childhood and severe family circumstances...).

Petitioner's Mental and Emotional Health
As Stated Within His Presentence Investigation
Report, At Item # 97 As Follows:

"In May of 1998, as ordered by the Dorchester District Court,
Parker underwent a mental health evaluation.  Medical records from
the Plymouth House of Correction (HOC) indicate that Parker has
heard voices in his head since 1990, most recently saying "Down
Thieves" and that Parker had been on medication for nerves and
anxiety.  Records further state that the defendant has a Schizo-
typal disorder, a drug abuse condition, and Schizophrenic reac-
tions.  Parker was also diagnosed with a sleeping disorder and
provided with sleeping aides."

Item # 98 As follows

"While at Plymouth HOC, Parker visited with a psychiatrist on
an as needed/monthly basis.  During these visits, the defendant
complained at times about discoloration of his fingers and finger-
nails.  It is noted that Parker denied being suicidal in his
meetings but that it was discussed a number of times with his
psychiatrist who described Parker as being hyper and paranoid.
Additionally, Parker refused medication (Zoloft -- prescribed
for depression and also obsessive-compulsive disorder) a number
of times stating that it was "not enough."1/

1/  This demonstrates that Parker was not a general "voluntary
drug abuser" but rather an ill person who was in need of the pre-
scribed medications aforementioned in his PSR.

Prosecutorial Misconduct - Breach of Plea
Bargaining Agreement At Sentencing Hearing

According to the, signed by all concerned parties, plea
agreement, the government's prosecutor permitted Petitioner to
enter a plea of guilty to Count 54 of the Indictment (e.g.,
which overt act occurred on 11/3/97 with co-defendant, Anthony
Gary Cooper, and "Cooperating Witness - 05; then at sentencing
the government's prosecutor introduced evidence to Count 67
that had occurred on 5/5/98 with another co-defendant, Kamal
Parker in his effort to "breach" the already signed, and
accepted plea agreement by this Honorable court.

Likewise, at the Petitioner's Sentencing Hearing, the prose-
cutor committed an error in law policy statement, when he said
to the Honorable Judge Nancy Gertner, that U.S.S.G. § 5K2.13
prohibited the Court from authorizing a downward departure for
Section 4B1.1 Career Offenders, pursuant to "Diminished Capacity
Policy Statement."

Ineffective Assistance of Counsel

At the juncture spoken of above, Petitioner's defense
counsel should have taken full advantage of that aforementioned
error by the government's prosecutor's opening the door to intro-
duce evidence to show that at the time of the Petitioner's arrest
he was ordered by Dorchester District Court Judge, Margret
Zaleski, to undergo a mental evaluation that would have demon-
strated the Petitioner committed the offense while suffering
from a significantly reduced mental capacity.  Likewise, counsel
should have taken advantage of and utilized the Presentence
Investigation Report's statement that Petitioner was not a
violent active participant in any of the so-called Castlegate

(6)

"gang"'s violent activities.  See "Probation Officer's Response
in Addendum to Presentence Investigation Report as follows:

> "The information contained in ¶¶A-Y outline the
> Indictment and superseding Indictment and the
> charges contained therein.  Additionally, they
> also reveal the defendant's various Court appea-
> rances related to the instant offense leading
> up to his eventual guilty plea.  These paragraphs
> **do not portray the defendant as being involved in
> any activity he was not charged with, all of
> which is related to the distribution of crack
> cocaine...**
>
> **¶2 does not appear to allege that Parker was involved in
> any violent activities."**

   Finally, Petitioner's counsel's failure to file a timely notice of
appeal within 30 days after the Petitioner's Sentencing Hearing;  especially
after this Court stated that it had information that Petitioner
was seeking and striving to file a direct appeal, which counsel
was obligated to aid and assist Petitioner in filing a timely
notice of appeal.  See, **Strickland v. Washington**, 466 U.S. 668,
104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),  and **Roe v. Flores-Ortega**,
528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), was deficient.

   **WHEREFORE,** in light of the foregoing factual allegations by
the Petitioner under the penalty of perjury, it is respectfully
requested that this Honorable Court grant the relief called for
herein and such further relief as this Honorable Court might
deem necessary in "the interests of justice, fundamental fairness
and the public reputation of the judicial proceedings complained
of."

Dated:  March 14, 2005

                              Respectfully submitted,

                              CALVIN PARKER
                              PRO SE LITIGANT
                              Calvin Parker    4/19/05
   (7)

EXHIBIT I.

# United States Court of Appeals
## For the First Circuit

No. 03-1127

CALVIN PARKER,

Petitioner,

v.

UNITED STATES,

Respondent.

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

JUDGMENT

Entered: February 4, 2003

Petitioner has filed an application for leave to file a second or successive § 2255 petition. So far as the district court docket indicates, petitioner has not yet filed a first § 2255 petition. If that is the case, then petitioner does not need permission from this court to file a § 2255 petition in the district court. Because, on the materials presently available to us, it does not appear that permission is needed from this court, we transfer the petition to the district court (Massachusetts) with directions that it be docketed as a § 2255 petition. Should it turn out that petitioner has already filed a § 2255 petition in the district court and that permission is needed from the court of appeals to file a second one, then the district court may transfer the petition back to this court.

Transferred.

By the Court:

ICHARD CUSHING DONOVAN

Richard Cushing Donovan, Clerk.

*OFFICE OF THE CLERK*

# UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT
(617) 748-9057

December 19, 2002

Calvin Parker
F.C.I. Otisville
Reg. #22157-038
P.O. Box 1000
Otisville, NY  01963
&
Juliane Balliro, Esq.
Perkins, Smith & Cohen
1 Beacon St.
Boston, MA  02108

Re: No. 02-2651  US v. Parker

Dear sir/madam:

The above case was docketed today pursuant to Rule 12(a) of the Federal Rules of the Appellate Procedure.

The docket District Court record indicates that you were represented by Juliane Balliro Esq. as court-appointed counsel. On appeal, you may choose to have Juliane Balliro Esq. continue to represent you, but you have other choices as well. You may choose to represent yourself ("pro se"), or you may retain private counsel. You may also request that new court - appointed counsel represent you on appeal. A selection of counsel on appeal form is enclosed. Please fill out and return this form as soon as possible.

Until the court receives your form, Juliane Balliro Esq. will remain your court-appointed counsel. By copy of this Letter, Juliane Balliro Esq. is ordered to send you a copy of it and the selection form, because the court may not have your right address. Therefore you may receive two copies of the selection form, only one of which you need to send to the court.

Juliane Balliro Esq. shall notify the court of your address and confirm that these copies have been sent to you.

Sincerely,

Richard Cushing Donovan, Clerk

By_____
            Case Manager

Enclosures

EXHIBIT II.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

C.A. No. 98-10185-NG

v.

CALVIN PARKER,
          Defendant.

MEMORANDUM AND ORDER

GERTNER, D.J.

On February 6, 2003, the First Circuit Court of Appeals issued an Order/Judgment with respect to Calvin Parker's motion pursuant to 28 U.S.C. §2255. (#1754). In that Order the Court of Appeals found that Parker's application for leave to file a second or successive 2255 petition was unnecessary because the district court records did not reflect that Parker had yet filed a first §2255 petition, and therefore did not need permission from the Court of Appeals to file in the district court. The petition was ordered transferred to the district court with instructions that it be docketed as a §2255 petition in the district court.

To date, the records of the district court do not reflect that the petition was transferred or docketed in accordance with the Order of the First Circuit. On February 28, 2005, Calvin Parker filed a Motion for Authorization for Assistance of Counsel on Motion under 28 U.S.C. §2255 (#1826).

With respect to the request for court appointed counsel, 18 U.S.C. §3006A(2)(B) authorizes the appointment of counsel for an indigent party in cases seeking relief under 28 U.S.C. §2241, §2254, or §2255. Funds for representation are payable as prescribed in Criminal Justice Act. Appointment of counsel may be provided if the Court determines the "interests of justice so require". 18 U.S.C. §3006A(2)(B). The decision to appoint counsel is discretionary,

1828

and neither a civil litigant nor a habeas petitioner has a constitutional or statutory right to appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996), cert. denied, 519 U.S. 894 (1996); Jackson v. Coalter, 337 F.3d 74 (1st Cir. 2003)(state prisoner had no right to counsel to collaterally attack sentence). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991). See also Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003)(Memorandum and Order on Report and Recommendation of Magistrate Judge Dein, adopted (on the denial of counsel issue) by Judge Stearns by Memorandum and Order (#32) dated September 4, 2003 in C.A. 01-11849-RGS). In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. DesRosiers, 949 F. 2d at 23-24 (citations omitted).

While Parker has was granted *in forma pauperis* status he has not yet demonstrated the kind of "exceptional circumstances" that warrant appointment of counsel under 18 U.S.C. §3006A. Parker's assertion that his defense attorney, Juliane Balliro will not represent him in a §2255 motion is insufficient to meet the standard, nor is the fact that he is appearing *pro se*, has no funds, and, absent counsel, may not be on a level playing field with the Defendants. If such assertions were deemed sufficient to provide a basis for appointment of counsel, then virtually every *pro se* prisoner would qualify. At the same time, given the severity of defendant's sentence, and the recent sentencing law, it may well be appropriate to appoint counsel after a formal §2255 is filed.

Accordingly, the motion for appointment of counsel is Denied without prejudice to

renewing after he compliance with this Memorandum and Order and upon filing of a motion

showing exceptional circumstances exist to warrant the appointment of counsel.

It is hereby ORDERED that:

1. The clerk is directed to send a blank form for filing of a motion to set aside, vacate, or correct sentence pursuant to 28 U.S.C. §2255 to Calvin Parker.

2. Parker is directed to complete the §2255 form and file it with this court by no later than May 1, 2005. Parker must include all grounds which form the bases for his §2255 motion in this submission, and to the extent that it differs from any previously filed petition (which this court has not received), the newly filed §2255 form shall be deemed to be an Amended Petition under §2255, and leave to file shall be deemed to have been granted.

3. Upon receipt of Parker's §2255 motion, the clerk is directed to docket the motion in the underlying criminal case, and shall also assign this case a civil action number, in accordance with this Court's usual procedures with respect to §2255 cases.

4. For purposes of determining any limitation period set forth in 28 U.S.C. §2255, the Court will deem the filing of Parker's §2255 motion as having been filed, *nunc pro tunc*, that is, on February 6, 2003 (the date of the First Circuit's Order for transfer and docketing by the district court).[1]

5. For the reasons set forth above, the motion for appointment of counsel is Denied.

Dated: 3/22/2005

NANCY GERTNER
UNITED STATES DISTRICT JUDGE

_____

[1]I note that under §2255, a one year period of limitations is applicable, and that, absent some other basis which is not apparent at this time, the limitations period runs from the date upon which the judgment of conviction becomes final. The Court of Appeals dismissed this action on February 4, 2003, and the time for seeking further review has expired more than one year ago. Thus, if the petition was not deemed to have been filed *nunc pro tunc*, an issue of whether a §2255 motion is time barred might be presented. However, because there appears to have been a clerk's error in connection with the transfer of the petition (through no fault of Parker), any §2255 petition is deemed to relate back to the date transfer was ordered.