UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )       CIVIL ACTION NO.
        v.                      )       05-10894-NG
                                )
CALVIN PARKER,                  )
        Defendant.              )

              **GOVERNMENT'S MOTION TO EXTEND BY 30 DAYS**
           **THE GOVERNMENT'S TIME WITHIN WHICH TO RESPOND**
       **TO CALVIN PARKER'S MOTION PURSUANT TO 28 U.S.C. §2255**
              <u>**AND TO UNSEAL CALVIN PARKER'S PLEA AGREEMENT**</u>

   Now comes the United States of America, by and through the undersigned counsel, and hereby moves (1) for a 30-day extension, from May 31, 2005 until June 29, 2005, of the government's time within which to respond to Calvin Parker's motion pursuant to 28 U.S.C. §2255 and (2) to unseal Calvin Parker's June 4, 1999 plea agreement with the government.  In support of its motions, the government sets forth the following:

   1.   In his Section 2255 motion, Calvin Parker ("Parker") has raised issues about his prior state convictions.  In order to respond fully to his claims, the government is in the process of securing certified copies of those convictions and related court records.  However, to date, the government has yet to receive a response from each of the three state courts to which it has addressed its requests for records.

   2.   Parker purports to challenge his sentencing as a career offender on at least two grounds.  However, based on a copy of Parker's Pre-Sentence Report, it appears that Parker and the

government agreed in his written plea agreement that Parker qualified for sentencing as a career offender. Therefore, it is necessary for the government to obtain from the Court a signed copy of his plea agreement. Yet, a review of the docket in the underlying criminal case (Docket No. 98-10185-NG) reveals that the Court sealed Parker's plea agreement. The undersigned was the prosecutor responsible for handling Parker's case and does not recall why Parker's plea agreement was sealed but does recall that Parker did not cooperate with the government's investigation or prosecution. Therefore, the government moves to have Parker's plea agreement unsealed and a copy made available to the government, at least for the purpose of citing it and attaching it as an exhibit in this and any related or subsequent (including appellate) proceedings.

    3.    The government anticipates that a 30-day extension will allow it to obtain the necessary records from state courts and to prepare a complete response to Parker's Section 2255 motion, assuming this Court acts in a timely manner on the government's motion to unseal Parker's plea agreement.

    For all the foregoing reasons, the Unites States of America respectfully requests that this Honorable Court grant its motions by (i) extending until June 29, 2005 the government's time within which to respond to Parker's Section 2255 motion and (ii) by

unsealing Parker's June, 1999 plea agreement and making a signed copy of same available to the government.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                  UNITED STATES ATTORNEY

                            By:   *s/Patrick M. Hamilton/*
                                  PATRICK M. HAMILTON
                                  ASSISTANT U.S. ATTORNEY
                                  One Courthouse Way
                                  Boston, MA 02210
Date: May 27, 2005               (617) 748-3100

## CERTIFICATE OF SERVICE

    I, Patrick M. Hamilton, do hereby certify that a copy of the foregoing was served this date by certified mail, return receipt requested, upon Calvin Parker, Reg. No. 22157-038, USP Lewisburg, P.O. Box 1000, Lewisburg, PA 17837.

Date: May 27, 2005               *s/Patrick M. Hamilton/*
                                     Patrick M. Hamilton