UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CALVIN PARKER
       PETITIONER

V.                                            CIVIL ACTION
                                              NO.05cv10894NG

UNITED STATES OF AMERICA
       RESPONDENT


To. HONORABLE NANCY GERTNER, D.J.


   The Petitioner, Calvin P arker, pursuant to 28 U.S.C. § 2255 respectfully request reconsideration to be resentenced in accordance with the guideline regime. Relying on United States V. Booker, 543 U.S. 125 S.Ct. 738(2005), and United States v. Mackinnon, No. 03-2219, (1st Cir.Mar. 16, 2005), which was remanded for resentencing on Booker grounds, of plain error which requires a defendant to show he was prejuudiced by the application of mandatory guidline. Mackinnon was able to make the plain error showing based in part on the statement by the sentencing judge at the defendants sentencing.

The petitioner, Calvin Parker asserts he has likewise situation, (1) On or about 2000, the defendant filed a motion to withdraw from counsel John Cohan, the Honorable D.J. Nancy Gertner conducted a hearing, during the hearing the defendant stated he and counsel didn't see eye to eye, and that the trust needed for attorney client relationship did not exist. Also during the hearing the defendant stated that he didn't see nor couldn't understand why the guidline wouldn't allow him a departure and that the guidline are not fair, and therefor placed his sentence and the court in a straight jacket.

(2) The Honorable D.J. Gertner later set forth a memorandum stating she disagreed with the Government policies at this stage concerning sentencing under the 4B1.1 enhancement for low level street drug dealers receiving more time than the drug supplier in this case, because of mandatory guidlines.

(3) At the defendant,(Patitioner), Calvin Parkers sentencing the Honorable D.J. Gertner stated that she would like to depart, but did not believe the guidline permited it in circumstances such as this, but she would see what could be done, and that she would also postpone sentencing, with an order for the defendant to undergo a mental health evaluation.

(2)

(4) At the defendants final sentencing hearing the government stated to the judge and defendant, that if the court was inclineto depart from the guidlines prohibited departure under section § 5K2.0, then the judge could sentence the defendant to 151 months. See: <u>United States V. Morin,</u> 04-1277 (1st Cir April 8, 2005), the same guideline enhancement under 21 U.S.C. § 841 (A)(1), because of two prior felony convictions, as petitioner qualified as as a career offender under U.S.S.G. § 4B1.1 placing at Level 32, Criminal History Catagory VI, yielded(after a three Level downward adjustment for acceptance of responsibility) of a sentencing range of 151 to 188 months. The case in <u>United States V. Morin,</u> wasremanded explaining both <u>Oliver</u>, anbd <u>Barnett</u> provide in-depth analysis of requirements for appellate review and remand of an otherwise forfeited error: (A) there must be error, (B) the error must be plain; (C) the error must affect substantial rights; (D) if the error seriously affects the fairness integrity; or public reputation of judicial proceedings. <u>Oliver</u>, 397 F.3d at 378. <u>Barnett</u> makes clear that prejudice should be presumed when a defendant receives a sentence at the bottom of the mandatory sentencing guidlines range. <u>Barnett,</u> 398 F.3d at 398; and should be remanded on the spot.

(3)

Furthermore the petitioner makes last claim stating the prior conviction qualifying as a predicate felony for the purpose of U.S.S.G. § 4B1.2 (Career offender enhancement was established and rendered in violation of the defendants fifth and sixth amendment rights afforded to him by t he United States Constitution of proof beyond a reasonable doubt, the criteria set out in 28 U.S.C. § 994(h), authorizing stature must be construed as requiring, as a matter of statuary construction to avoid derious constitutional problem. The defendant relay's on Taylor v. United states, 495 U.S. 575 (1990), in aid of Shepard V. United Stsates, No. 03-9168 (U.S. March 7, 2005): In the petitioner's case, the government only relyed on and provided a criminal complaint at docket No. 9652CR002257 filed by Burke Brenda on 7/3/96, charging Assault & Battery and Breaking & Entering, and a police officer investigating report to prove an enhancing factual basis, in determining a violent crime, See Uited States V. Greer, 2005 WL 396368 (M.D. Ga. Feb 17, 2005) the appeals court found that the sixth amendment required pleading and proof that the prior felonies were violent before the ACCA applioed, and defendant can easily apply Shepard into the analysis already provided by Haley, and the appeal court stated these issues should be litigated in the district court now with no limitations from procedent.

(4)

The petitioner Calvin Parker states the enhancement on the ground of the prior conviction of Assult/Battery Breaking?Entering, should not be held valid, See <u>Commonwealth V. Azer,</u> 308 Mass, 153 (1981)(Complaint alleging illegal sale to <u>A</u> unproved by evidence of sale to <u>B</u> absent evidence that (A) and (B) were the same person). A close examination of the name in the criminal complaint filed by Burke Brenda, and the allegation in the report by Annie R. Spencer cannot sustain a conviction to the criminal complaint nor is there any mention in the police report stating that Burke Brenda was assulted or home being broken into, and Annie R. Spencer did not file the criminal complaint; See <u>Henderson v. United States,</u> 426 U.S. 637, 646 (1976). The defendant must recieve real notice of the true nature of the charge against him. <u>Commonwealth V. Feaster</u>, 25 Mass. App. Ct. 909,910, 514 N.E. 2d 1336 (1987). As a matter of constitutional due-process, a guilty plea should not be accepted by the court, and if accepted must be later set aside, unless the record shows and affirmatively demonstraights on the record that the evidence support and constitute a crime to the alledge complaint. In this case the government cannot sustain that there are facts withen the police investigating report that indicate tahat the defendant assaulted and broke into Burke Brenda's home. Arguably, the police report sets forth facts which would indicate and would warrant a finding of guilty on Annie R. Spencer, but there is no

(5)

Criminal complaint filed by Annie R. Spencer, but defendant was charged with Assualt/Battery, and Breaking/Entering against Burke Brenda. The complaint and the police report do not match the name, nor was complaint amended from Burke Brenda to match the evidence supporting a violent crime by U.S. Government on Annie R. Spencer, which is fatal to the validity of the conviction, and proof beyond a reasonable doubt, because the government has not responded in the time frame set forth pursuant to Rule 4(B) of the Rules Governing Section 2255 that the clerk of this court established from 5/5/05 to 5/25/05. The defendant is filing this supplemental letter brief pursuant to Rules of appellate procedure raising all Booker, Blakely, Apprendi, Shepard, and, United States V. Mackinnon, and the defendant rely's on United Sttes v. Rivera, 994 F.2d 942,950;(1st Cir. 1993) (Bryer, C.J.). refering to district court institutional stregnth as being able to best understand the relationship of the guidlines to cases specific, detailed facts finding.

Respectfully ,
Submitted

Calvin Parker # 22157-038
DATE: 5/24/05  Calvin Parker

| CRIMINAL DOCKET | DOCKET NO. 9652CR00?57 | ATTORNEY NAME CPCS COLSON |
|---|---|---|
| COURT DIVISION: Cambridge | ☐ INTERPRETER REQUIRED | DATE and JUDGE / DOCKET ENTRY |

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT**
PARKER, CALVIN
14 FENELON STREET
DORCHESTER, MA

**DEFT. DOB AND SEX:** 08/20/1969 M
**OFFENSE CODE(S):**
**DATE OF OFFENSE(S):** 07/02/1996
**PLACE OF OFFENSE(S):** CAMBRIDGE
**COMPLAINANT:** BURKE, BRENDA A
**POLICE DEPARTMENT:** CAMBRIDGE PD
**DATE OF COMPLAINT:** 07/03/1996
**RETURN DATE AND TIME:** WARRANT

**DATE and JUDGE:**
JUL 10 1996 Singleton Sismo
JUL 10 1996
JUL 10 1996

**DOCKET ENTRY:**
☑ Attorney appointed (SJC R. 3:10)
☐ Atty denied and Deft Advised per 211D §2A
☐ Waiver of counsel found after colloquy
Terms of release set: Held w/o bail
☐ PR ☐ BAIL
☐ Held (276 §58A) c.276, s.58A
☐ See back for special conditions  Cont'd
Arraigned and advised:
☑ Potential of bail revocation (276 §58)
☑ Right to bail review (276 §58)
☐ Right to drug exam (111E §10)
Advised of right to jury trial:
☐ Does not waive
☐ Waiver of jury trial found after colloquy
Advised of trial rights as pro se (Supp. R. 4)
Advised of right of appeal to Appeals Ct (R. 28)

---

**COUNT/OFFENSE**
1. 265/13A/B  A&B c265 §13A

**DISPOSITION DATE and JUDGE:** 8/13/96 Sherman
**DISPOSITION METHOD:** ☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial ☐ Jury Trial ☐ None of the Above
**FINDING:** ☐ Not Guilty ☑ Guilty ☐ Not Responsible ☐ Responsible ☐ No Probable Cause ☐ Probable Cause
**SENTENCE OR OTHER DISPOSITION:** 18 mos HoC, 9 mos to serve, Bal susp 8/14/98 — Cont'd

---

**COUNT/OFFENSE**
2. 265/13A/B  A&B c265 §13A

**DISPOSITION DATE and JUDGE:** 8/13/96 Sherman
**DISPOSITION METHOD:** ☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
**FINDING:** ☑ Guilty
**SENTENCE:** 18 mos HoC, 9 mos to serve conc w/CT-1, Bal susp 8/14/98

---

**COUNT/OFFENSE**
3. 266/18/B  B&E DAYTIME FOR FELONY c266 §18

**DISPOSITION DATE and JUDGE:** 8/13/96 Sherman
**DISPOSITION METHOD:** ☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
**FINDING:** ☑ Guilty
**SENTENCE:** 18 mos HoC, 9 mos to serve conc w/CT1, CT2, Bal susp 8/14/98

---

**COUNT/OFFENSE**
8/13/96 — [signature]

**JUDGE:** ROBERT L. MOSCOW

**COURT ADDRESS:**
Cambridge District Court
40 Thorndike Street
Middlesex County Courthouse
East Cambridge, MA 02141

A TRUE COPY  X   CLERK-MAGISTRATE/ASST. CLERK   ON (DATE)

ADDITIONAL COUNTS ATTACHED

Cambridge Police records indicate that on 07/02/96, the defendant went to Annie Ruth Spencer's residence at 107 Norfolk Street, Cambridge, MA in order to give her money for their two children. Ms. Spencer told the defendant that she did not want him in her residence, but he forced himself in and began calling for his son Calvin to come with him. Ms. Spencer told her son not to go with the defendant. Ms. Spencer's other two year old daughter, Shayla Spencer, (not the defendant's child) followed the defendant at which point the defendant stated "I'll take your little girl" and struck her several times on the hands and arms. The defendant then grabbed Ms. Spencer by the left arm, bending her fingers and hands backward and began bitting her on the wrist. The officer did note a visible injury. Ms. Spencer then called the police to have the defendant removed, at which point he grabbed the telephone and threw it. The defendant then grabbed Ms. Spencer by her throat and pushed her before fleeing the apartment.

An emergency 209A (restraining order) was issued by on-duty Judge Bletzer from Newton District Court. An arrest warrant was issued for the defendant.

| (61) | | | |
|---|---|---|---|
| 09/16/97 (age 28) | Operating MV After Susp. Lic. Dkt#9747CR1778 Concord District Court | 9/16/97: Adm. suff. facts, cont. w/out find. to 3/13/98, $250 ct. costs & $35 VWF. 10/24/97: Def. Warr. 1/6/98: Viol. of Prob., cont. w/out find. is revoked & glty. finding is entered; 30 days HC. | 4A1.1(c) 4A1.2(c)(1) 1 |

Court records indicate that the defendant was represented by counsel.

Records further indicate that the offense occurred on 09/15/97 in Lincoln, MA, and that the defendant was arrested by the Lincoln Police on this same date.

34



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

___CALVIN PARKER___
      Petitioner

CIVIL ACTION

V.

NO. __05cv10894NG__

__UNITED STATES OF AMERICA__
      Respondent

## O R D E R

___GERTNER,___ D. J.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 cases, the Clerk of this Court is hereby ordered to serve a copy of the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody upon the office of the United States Attorney.

It is further ordered that the Respondent shall, within 20 days of receipt of this Order, file an answer (or other responsive pleading) to the Motion to Vacate, Set Aside or Correct Sentence.

| | |
|---|---|
| ___5/5/05___ | ___/s/ NANCY GERTNER___ |
| Date | United States District Judge |

(2255 Service Order.wpd - 12/98)                                                           [2255serv.]