UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 05-10894-NG |
| | ) | |
| CALVIN PARKER, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S OPPOSITION TO CALVIN PARKER'S
MOTION PURSUANT TO 28 U.S.C. §2255 AND
"MOTION FOR RECONSIDERATION TO BE RE-SENTENCED"**

Now comes the United States of America, by and through the undersigned counsel, and submits herewith its opposition to Calvin Parker's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 and to his more recently filed "motion for reconsideration to be re-sentenced." Calvin Parker ("Parker") has advanced grounds for vacating his sentence in two distinct pleadings: one which was timely filed in 2003 (albeit with the wrong court) and another which was filed in 2005 and which the government submits is time-barred. In those pleadings, Parker arguably raises three grounds for setting aside his sentence: (1) that the prior convictions upon which the Court relied in sentencing him as a career offender "were obtained unconstitutionally by the Commonwealth district court"; (2) that his defense attorney(s) provided ineffective assistance of counsel; and (3) that the Court improperly considered the information contained in police reports in sentencing him as a career offender. In his more recent "motion for reconsideration to be re-sentenced," Parker belatedly seeks to be re-sentenced in the wake of the

Supreme Court's decision in United States v. Booker, 543 U.S. __
, 125 S.Ct. 738 (2005), presumably hoping that the district court
would not again sentence him as a career offender under a
sentencing regime in which the U.S. Sentencing Guidelines are no
longer mandatory.

Parker's motion should be denied because his first two claims
are without merit; because the third claim is time-barred; and
because, even if not time-barred, the third claim is without merit.
Parker's effort to seek the benefit of the Booker decision also
should be rejected because it is time-barred and because, in any
event, Booker is not retroactively applicable in collateral
proceedings such as the instant one.

## I.    FACTUAL BACKGROUND

On June 10, 1998, a federal grand jury returned a 71-count
indictment against Calvin Parker ("Parker") and over 30 other
defendants.  Parker and all but one of the other defendants were
charged with conspiring to distribute in excess of 50 grams of
crack cocaine.  Parker also was charged in 5 counts with
substantive distributions of 18.13 grams, in the aggregate, of
crack cocaine.  Parker sought the appointment of defense counsel
and was assigned Attorney John H. Cunha.

On or about June 4, 1999, Parker entered into a plea agreement
with the government in which he agreed to plead guilty to one
substantive crack cocaine distribution (Count Fifty-Four, involving

2

less than 5 grams of crack cocaine); agreed that the total quantity
of crack cocaine attributable to him pursuant to U.S.S.G. §2D1.1
was at least 50 but less than 150 grams of crack cocaine; agreed
that he qualified for sentencing as a career offender pursuant to
U.S.S.G. §4B1.1; and agreed that his Base Offense Level pursuant to
U.S.S.G. §4B1.1 was 32.[1]  For its part, the government agreed to
dismiss the remaining counts against Parker and to recommend a
sentence of no more than 151 months (the low end of GSR applicable
to a Base Offense Level of 32 after deducting 3 offense levels for
a timely acceptance of responsibility).  See copy of June 4, 1999
plea agreement attached hereto as Exhibit 1.

---

[1]  As it turns out, this plea agreement involved an error
which worked in Parker's favor.  In its prosecution of the
Castlegate Road gang, the government allowed defendants who were
career offenders to plead to the single substantive distribution
count involving the largest single quantity of crack cocaine
which they had sold to a cooperating witness during the course of
the investigation.  While Parker was charged with the sale of
less than 5 grams of crack cocaine in Count Fifty-Four, he was
charged with the sale of 5.7 grams of crack cocaine in Count
Sixty-Seven.  Since Count Sixty-Seven involved 5 or more grams of
crack cocaine, the maximum penalty applicable to that count was
40 years, not the default maximum penalty of 20 years applicable
to Count Fifty-Four.  Therefore, pursuant to U.S.S.G.
§4B1.1(b)(B), the Base Offense Level applicable to Parker would
have been 34, not 32, had he, like his career-offender co-
defendants, been required to plead to the count involving his
largest distribution.  After an adjustment for his timely
acceptance of responsibility, this would have yielded a
Guidelines Sentencing Range ("GSR") of 188-235 months, instead of
151-188 months.  It is likely that, at sentencing, the government
pointed out to this Court that Parker had already benefitted from
an unusually favorable plea agreement.  See Parker's memorandum
of law submitted in support of his 2005 Section 2255 motion, at 6
(complaining about the government's reference in the sentencing
hearing to Count Sixty-Seven).

As this Court is well aware, a defendant qualifies for sentencing as a career offender if, as in Parker's case, his instant offense of conviction was a drug felony and if, at the time of that offense, he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. As Parker's Pre-Sentence Report ("PSR"), finalized in December of 2000, later confirmed, Parker had not just two but seven prior state convictions which could serve as predicates to a federal career offender sentence. PSR ¶ 67 (citing convictions specified in ¶¶ 53, 55, 57-60 and 62).

In late December, 1999, Parker filed a motion seeking the withdrawal or dismissal of Attorney Cunha as his counsel and, in January of 2000, renewed his motion and moved to withdraw his guilty plea. See Docket Entries 1068 and 1091 in United States v. Tyrone Lacey, et al. (Criminal No. 98-10185). In February, 2000, this Court held a lobby conference and granted Parker's motion, dismissed Attorney Cunha and appointed Attorney Geraldine Hines as Parker's new counsel. Docket Entries 1128 and 1152. However, Attorney Hines was later replaced by Attorney Julianne Balliro. Docket Entries 1261, 1431 and 1449. Parker's sentencing hearing was scheduled for December 20, 2000, but in late September of 2000, Attorney Balliro moved for an independent examination of Parker's mental health. Docket Entries 1425 and 1467. This Court granted this motion and a subsequent motion to continue the sentencing

4

hearing to allow time for the examination of Parker to be conducted. Docket Entries for October 2 and December 13, 2000.

Although an independent examination of Parker was conducted and a report filed with the Court, the Court decided that it needed additional information and, in April of 2001, ordered the Bureau of Prisons to conduct a psychiatric evaluation of Parker. Docket Entries 1650-1652. At a hearing in December of 2001, Parker withdrew in open court his January, 2000 motion to withdraw his guilty plea (which the Court then dismissed as moot) and his sentencing was re-scheduled to January 28, 2002. Docket Entry 1697.

On January 16, 2002, Attorney Balliro filed a sentencing memorandum on behalf of Parker. Docket Entry 1704. In it, Attorney Balliro cited the results of Parker's psychiatric evaluation and argued for a downward departure from the career offender guideline otherwise applicable to Parker. However, on January 28, 2002, this Court rejected Parker's arguments for a more lenient sentence and sentenced Parker to prison for 151 months, the low end of the applicable career offender Guidelines sentencing range. Docket Entry 1709. Parker's Judgment was entered on the docket that same day. Id.

Parker's time within which to file a timely notice of appeal expired on February 7, 2002. Fed.R.App.P. 4(b)(1)(A). Attorney Balliro has submitted a sworn affidavit indicating that she and

Parker discussed his right of appeal; that she explained her view
that there was no basis for such an appeal; and that Parker
understood her explanation.   Attorney Balliro further indicates
that Parker never asked her to file a notice of appeal.   In fact,
she indicates that, in a letter written by Parker directly to the
Court in the months following his sentencing, Parker himself made
no mention of his desire to appeal his sentence.   Attorney
Balliro's affidavit is attached hereto as Exhibit 2.   Nor did
Parker himself file a pro se notice of appeal until December 2,
2002.  Docket Entry 1739.  On December 20, 2002, the First Circuit
Court of Appeals issued an order advising Parker that it appeared
that the Court of Appeals did not have jurisdiction to consider his
untimely appeal  and ordered that Parker show cause by January 3,
2003 why his appeal should not be dismissed.  See Court of Appeals
Docket for Appeal No. 02-2651.  On January 10, 2003, the Court of
Appeals dismissed Parker's untimely appeal .  Id.

        In the meantime, on or about January 22, 2003, Parker filed in
the Court of Appeals an application for leave to file a second or
successive Section 2255 petition ("2003 Application").  This matter
was assigned docket no. 03-1127 in the Court of Appeals.  Parker
did not serve the government with a copy of his 2003 Application,
but the government has retrieved a copy from the Court of Appeals
file and has attached that copy hereto as Exhibit 3.

        Parker's 2003 Application, at p. 5, cited two grounds for

seeking to vacate his conviction or sentence.  Parker asserted that
"[t]he prior convictions that the government used to enhance my
guideline, [sic] were obtained unconstitutionally by the
Commonwealth district court [sic]" and Parker claimed to "have
audio tapes of the plea colloquoy's [sic] to prove [his] innocence
and to invalidate the convictions."  Parker also asserted that his
District Court counsel had been ineffective because "I asked my
attorney to enter a direct appeal on indictment defect [sic], and
lack of jurisdiction by the government and other issue [sic] but
she failed to respect my wishes and did not act on time."

On February 4, 2003, the Court of Appeals entered a judgment
advising Parker that, "as far as the district court docket
indicates, petitioner has not yet filed a first § 2255 petition;"
transferring Parker's "petition" to the District Court with
directions that it be docketed as a § 2255 petition; and permitting
the District Court to transfer the matter back to the Court of
Appeals if it turned out that Parker had in fact filed a previous
petition.  See copy of Court of Appeals judgment attached hereto as
Exhibit 4.

On February 28, 2005, Parker filed a "Motion for Authorization
for Assistance of Counsel on Motion under 28 USC § 2255."  Parker's
motion for the appointment of counsel apparently alerted this
Court to the fact that, notwithstanding the Court of Appeals'
judgment two years earlier, no pleading of Parker's had been

transferred to and docketed by the District Court as a Section 2255 petition.

In a March 22, 2005 Memorandum and Order, this Court denied Parker's request for assigned counsel in connection with a Section 2255 motion. However, the Court went on to direct the Clerk's Office to send Parker a blank Section 2255 form; to direct Parker to complete and file the form no later than May 1, 2005; and to direct the Clerk's Office to docket any such completed Section 2255 motion. The Court went on to say that it would treat any such completed Section 2255 motion as having been filed on February 6, 2003, when the Court of Appeals ordered Parker's matter transferred to the District Court. February 6, 2003 was precisely 365 days after the date on which Parker's right of direct appeal had expired and had become final.

On March 29, 2005, the government filed its Motion to Reconsider Court's March 22, 2005 Memorandum and Order. The government argued that this Court should treat the substantive portions of Parker's 2003 Application to the Court of Appeals as a Section 2255 motion filed in the District Court on or before February 6, 2003 and should not have effectively invited Parker to allege new challenges to his conviction or sentence in a brand new Section 2255 motion. On April 21, 2005, this Court denied the government's motion for reconsideration.

On April 25, 2002, Parker filed with the District Court his

8

new Section 2255 motion, accompanied by a supporting memorandum of law ("2005 Motion"). In his 2005 Motion, Parker renewed the claim, first raised in his 2003 Application, that Attorney Balliro had provided ineffective assistance of counsel due to her "failure to file a timely notice of appeal." 2005 Motion at 6 (Ground Four). He also asserted for the first time that he had been provided ineffective assistance (presumably by Attorney Cunha) at the plea stage and (by Attorney Balliro) insofar as "[c]ounsel failed to object [to] and challenge U.S.S.G. § 4B1.1's [career offender] enhancement." 2005 Motion at 6 (Ground Four). Parker did not renew the claim, advanced in his 2003 Application, that the predicate state convictions had been "obtained unconstitutionally." In his 2005 Motion, Parker advanced another new claim: namely, that his sentence as a career offender was unconstitutional and violated the rule articulated in Shepard v. United States, 125 S.Ct. 1254 (2005). More specifically, he alleged that, in sentencing him as a career offender, this Court had looked behind the charging document and had considered an underlying police report to reach the conclusion that his 1996 convictions for Assault and Battery and for Breaking and Entering in the Daytime with the Intent to Commit a Felony in Cambridge District Court were crimes of violence and could be counted as such in sentencing him as a career offender. 2005 Motion at 5-6 (Grounds One through Three and attached memorandum of law at 1-4).

9

On May 2, 2005, Parker filed a "Motion to Amend Additional Grounds to 28 U.S.C. § 2255 Motion, that Court Provided on March 22, 2005" ("Motion to Amend 2005 Motion").  In it, Parker appears to argue that his sentencing under the then-mandatory Sentencing Guidelines violated his constitutional rights under <u>Booker</u>, although Parker did not cite <u>Booker</u> directly, relying instead on its progeny in the First Circuit, <u>United States v. Antonakopoulos</u>, 399 F.3d 68 (1st Cir. 2005), and <u>United States v. MacKinnon</u>, 401 F.3d 8 (1st Cir. 2005).  In any event, on or about May 26, 2005, Parker also filed a pleading "request[ing] reconsideration to be resentenced in accordance with the guideline regime" and citing <u>Booker</u> ("<u>Booker</u> Motion").  On May 31, 2005, this Court issued an order indicating that it "will consider the matters raised in [Parker's <u>Booker</u> Motion] in connection [with] a determination of the merits of [Parker's] 2255 petition" and directing the government to file a response to Parker's <u>Booker</u> Motion "without prejudice to the Government asserting any objections to this filing."

## II.  LEGAL ANALYSIS

### A.  Parker's 2003 Application

Parker's 2003 Application was filed in the Court of Appeals on or about January 22, 2003 and the Court of Appeals ordered that it be transferred to and docketed by the District Court on February 4, 2003, less than one year after his federal conviction had become

10

final.  As more fully set forth below, the government submits that only the claims articulated by Parker in his 2003 Application were filed on a timely basis for the purposes of 18 U.S.C. § 2255.  In his 2003 Application, Parker asserted that his prior state convictions had been obtained unconstitutionally and that Attorney Balliro had been ineffective in failing to file a notice of appeal.

1.    **Parker's Challenge to His Prior State Convictions Is Not Cognizable under Section 2255 and Is Barred by His Plea Agreement:**

Parker's first articulated ground for relief, that the prior state convictions upon which the Court relied in sentencing him as a career offender were obtained unconstitutionally, is not cognizable in a Section 2255 proceeding such as this one.  In support of this claim, Parker offers only the conclusory assertion that he has "audio tapes of the plea colloquoy's [sic] to prove [his] innocence and to invalidate the convictions."  2003 Application at 5.  In Daniels v. United States, 532 U.S. 374, 382 (2001), the Supreme Court made clear that a defendant may not use a Section 2255 motion to collaterally attack prior convictions that were used to enhance his federal sentence.  The Court explained:

> After an enhanced federal sentence has been imposed . . . , the person sentenced may pursue any channels of direct or collateral review still available to challenge his prior conviction. . . . If any such challenge to the underlying conviction is successful, the defendant may then apply for reopening of his federal sentence. . . . If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were

> available (or because the defendant did so unsuccessfully), then . . . the defendant may not collaterally attack his prior conviction through a motion under § 2255.

Id. Here, Parker either challenged and failed or failed to challenge his prior state convictions in a timely manner, and, therefore, he cannot now collaterally attack these convictions under a Section 2255 motion.

In any event, Parker expressly waived his right to challenge his status as a career offender based on his prior state convictions in his plea agreement. See Plea Agreement at 2 ("Defendant also agrees that he will not challenge the validity of this career offender status in this case, either on direct appeal or collaterally, based on a successful challenge to the validity of any of his prior convictions"). Plea agreements waiving the right to file a collateral attack are "generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made;" they are subject only to "certain exceptions," such as a claim of ineffective assistance of counsel in the negotiation of the plea. United States v. Cockerham, 237 F.3d 1179, 1183, 1191 (10th Cir. 2001).[2]

_____

[2] Even though Parker does assert a claim of ineffective assistance of counsel at the plea stage, based on his attorney's failure to challenge his classification as a career offender, this claim is time-barred and without merit. See infra pp. 16-21. Parker does not allege that he entered the plea agreement unknowingly or involuntarily, and provides no other basis for invalidating his plea agreement. Thus, the exception does not

While the First Circuit has not yet addressed the validity of plea agreements waiving the right to collateral attack, it has held that plea waivers of the right to appeal are "presumptively valid (if knowing and voluntary)," subject only to a general exception where enforcing the waiver would work a "miscarriage of justice" (e.g. where the "plea proceedings were tainted by ineffective assistance of counsel"); however, this exception is to "be applied sparingly and without undue generosity." United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001); United States v. De-La-Cruz Castro, 299 F.3d 5, 10 (1st Cir. 2002). Other Circuits have relied on the enforceability of direct-appeal waivers to hold that waivers of the right to collateral attack are similarly valid. Cockerham, 237 F.3d at 1182; United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) (upholding an express waiver of post-conviction proceedings, including Section 2255, because court could "see no principled means of distinguishing such a waiver from the [enforceable] waiver of a right to appeal"). Thus, the First Circuit's ruling regarding the presumptive validity of appeal waivers should apply equally to waivers of collateral attack. Here, Parker does not assert that his plea was "unknowingly or involuntarily" made. Teeter, 257 F.3d at 26. Neither would an enforcement of Parker's waiver work a "miscarriage of justice"

_____

apply in Parker's case and the plea agreement's waiver of the right to collateral attack is enforceable.

under <u>Teeter</u>, since Parker does not raise any legitimate basis for invalidating his plea agreement. <u>See</u> <u>supra</u> note 2; <u>see</u> <u>also</u> <u>De-La-Cruz Castro</u>, 299 F.3d at 14 (defendant's "eleventh hour claim of a side deal with the prosecution. . ., grounded in a belated factual assertion and raised to undo a result previously acknowledged by the defendant in writing and in colloquy with the court, falls far short of demonstrating a serious question of "miscarriage of justice"). In sum, Parker's collateral attack on his prior convictions is not cognizable under <u>Daniels</u> and, in any case, is barred by the waiver in Parker's plea agreement.

### 2. Parker Cannot Show Ineffective Assistance of Counsel by Attorney Balliro Due to Her Failure to File a Notice of Appeal:

Parker's second ground for relief asserted in his 2003 Application was ineffective assistance of counsel by Attorney Julianne Balliro, his defense attorney at the sentencing stage. This claim also is without merit.

A defendant claiming ineffective assistance of counsel must meet the "rigorous standard" established by <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), which requires that the defendant show both (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that but for the error, the outcome would likely have been different. <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 381 (1986). In order to make the requisite showing of unreasonably deficient representation, a defendant must

overcome a "strong presumption that counsel's assistance falls within the 'wide range of professional assistance,'" and the standard of review is "highly deferential." Id. A defendant's burden of showing actual prejudice is similarly "highly demanding." Id.

Here, Parker's only basis for his claim of ineffective assistance by Attorney Balliro was her failure to respect his wishes to file a timely direct appeal "on indictment defect [sic], and lack of jurisdiction by the government and other issue [sic]." 2003 Application at 5 (Ground Two). Parker did not specify the alleged "indictment defect," any basis for his jurisdictional argument, or what "other issue" might support an appeal.[3] These vague and unsubstantiated claims of ineffective assistance are clearly insufficient to meet the "highly demanding" Strickland standard, which requires Parker to show both the unreasonableness of counsel's

---

[3] Parker mistakenly cited two cases as providing a "new rule of law" on which his claim relied: Bonneau v. United States, 961 F.2d 17 (1st Cir. 1992) (holding that defendant was entitled to a new direct appeal without having to show its merits because he had lost his right of appeal due to dereliction of counsel, who had failed to file a timely appeal despite numerous extensions and repeated requests to do so by defendant), and Barrientos v. United States, 668 F.2d 838 (5th Cir. 1982) (holding that defendant was not deprived of effective assistance of counsel as a result of counsel's failure to perfect an appeal, since petitioner's conviction was based upon a guilty plea, and that plea was not induced by promises apart from the plea bargain). While these two cases involved claims of ineffective assistance of counsel for failing to file an appeal, they do not aid Parker's argument insofar as they neither articulate any "new rule of law" nor do they shed any light on the unidentified indictment or jurisdictional defects alleged by Parker.

actions and actual prejudice.  Attorney Balliro was entirely
reasonable in not filing a direct appeal because there was no valid
basis for one in 2003.  Parker had pled guilty to the offense of
conviction and therefore had waived any defect in the proceedings
up to that date, including in the return of the indictment, other
than jurisdictional defects.  See United States v. Cordero, 42 F.3d
697, 699 (1st Cir. 1994) ("an unconditional guilty plea effectuates
a waiver of any and all independent non-jurisdictional lapses that
may have marred the case's progress up to that point, thereby
absolving any errors in the trial court's antecedent rulings (other
than errors that implicate the court's jurisdiction)").

Furthermore, thirty other defendants were indicted with Parker,
and none of them filed an appeal based on any indictment or
jurisdictional defect.  See District Court docket for Criminal No.
98-10185-NG.  At sentencing, this Court appropriately rejected
Parker's arguments for a downward departure from the applicable
career offender guideline, sentencing Parker to prison for 151
months, which was the low end of the applicable GSR.  Docket Entry
1709.  Moreover, Parker's vague allegations cannot overcome Attorney
Balliro's sworn affidavit to the effect that she discussed with
Parker the fact that there was no real basis for filing an appeal
and Parker never asked her to file one.  Nor did Parker himself see
fit to file a notice of appeal until almost ten months after the
deadline for a timely appeal had expired.  Docket Entry 1739.  Under

the circumstances, Parker cannot meet his burden of showing that Attorney Balliro's failure to file a notice of appeal was unreasonable or that it resulted in actual prejudice. Therefore, Parker's claim of ineffective assistance of counsel by Attorney Balliro as set forth in his 2003 Application is without merit.

**B.    Parker's 2005 Motion**

      **1.    Parker's 2005 Ineffective Assistance of Counsel Claim Is Both Time-Barred and Without Merit:**

In his 2005 Motion, Parker asserted for the first time that he had received ineffective assistance of counsel at the plea stage, when he was represented by Attorney Cunha, and at the sentencing stage from Attorney Balliro insofar as "[c]ounsel failed to object [to] and challenge U.S.S.G. § 4b1.1's [career offender] enhancement." 2005 Motion at 6 (Ground 4). Parker does not clearly state why or how his attorneys could have challenged his classification as a career offender. Insofar as he alludes "[a]gain, pursuant to Supreme Court precedent," id., Parker seems to suggest that his attorneys should have anticipated the Supreme Court's March 7, 2005 decision in <u>Shepard</u>.

However, Parker's new claim of ineffective assistance by counsel is time-barred because it was not asserted in the original 2003 Application and was added after the expiration of the one-year AEDPA time limit for filing a Section 2255 motion. Moreover, even assuming *arguendo* that this new claim were timely, it nevertheless

17

fails because Shepard cannot be applied retroactively.  Even if that were not the case, Parker cannot show ineffective assistance of counsel since he qualifies as a career offender even post-Shepard.

Parker's new claim of ineffective assistance of counsel is time-barred in that it was first raised after the expiration of AEDPA's one-year limitation period.  28 U.S.C. § 2255 ¶ 6 (2005). Parker asserted this claim only after this Court issued him a blank Section 2255 form, indicating that it would treat the completed motion as having been filed on February 6, 2003, precisely the final day of the one-year limitations period.  However, the only grounds that should survive as timely under AEDPA are those that Parker had articulated in his 2003 Application.  The form that Parker used to file his 2003 Application is identical to the blank form which this Court directed Parker to complete insofar as they both instruct a petitioner to identify each distinct basis for his Section 2255 petition and further instruct a petitioner to set forth the "[s]upporting FACTS (state *briefly* without citing cases or law" (emphasis in original).  There is no reason to believe that the Court of Appeals, in its February 4, 2003 judgment transferring Parker's 2003 Application, had intended to give Parker the opportunity to raise new challenges to his conviction or sentence that Parker had not already articulated in his 2003 Application.

Neither can Parker argue that this new claim is a permissible amendment to his timely 2003 Application.  A new claim raised in an

18

amended Section 2255 petition filed after the expiration of AEDPA's one-year limitation period is deemed to have been filed within the one-year period only if the claim "relates back" to the prisoner's original Section 2255 motion under Fed.R.Civ.P. 15(c). See United States v. Hicks, 283 F.3d 380, 387-388 (D.C. Cir. 2002); United States v. Saenz, 282 F.3d 354, 355-356 (5th Cir. 2002); United States v. Espinoza-Saenz, 235 F.3d 501, 504-505 (10th Cir. 2000); Davenport v. United States, 217 F.3d 1341, 1345-1346 (11th Cir. 2000) (citing cases); see also Fama v. Commissioner of Correctional Services, 235 F.3d 804, 814-816 (2d Cir. 2000) (applying Rule 15(c) to motion to amend habeas petition). Rule 15(c)(2) provides that a claim raised in an amended pleading relates back to the original pleading only when the claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2); see Mandacina v. United States, 328 F.3d 995, 999-1000 (8th Cir. 2003).

In a very recent decision, the Supreme Court held that "an amended habeas petition does not relate back (and thereby escape the [AEDPA] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 543 U.S. ____, 2005 U.S. LEXIS 5016, * 12 (2005). In Mayle, the Court specifically rejected a broad reading of "same conduct, transaction, or occurrence" in Rule 15(c)(2) to mean the same "trial, conviction,

or sentence." <u>Id.</u> at * 34-37.  As a result, the fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c)(2).  <u>Id.</u>; <u>see also</u> <u>United States v. Pittman</u>, 209 F.3d 314, 318 (4th Cir. 2000).  In the present case, Parker's new claim of ineffective assistance of counsel at both the plea and sentencing stages by two different attorneys based on their failure to challenge his career offender status arose from facts that "differ in both time and type" from his 2003 claim of ineffective assistance by Attorney Balliro for failing to file a notice of appeal.  <u>See</u> <u>Davenport</u>, 217 F.3d at 1344-1346 (holding that new claims of ineffective assistance of counsel raised in a motion to amend do not relate back to ineffective assistance claims raised in an earlier, timely Section 2255 motion); <u>United States v. Craycraft</u>, 167 F.3d 451, 456-57 (8th Cir. 1999) (holding that an untimely claim of ineffective assistance of counsel for not filing an appeal did not relate back to timely claims of ineffective assistance of counsel for not pursuing a downward departure, not objecting to the characterization of the drugs, and not raising challenges to his prior state conviction).  In sum, Parker's new claim of ineffective assistance asserted in his 2005 motion does not relate back as a proper amendment to his timely 2003 Application, and, therefore, is time-barred under AEDPA's one-year time limit.

However, even assuming *arguendo* that Parker's new claim of

ineffective assistance of counsel is not time-barred, it fails
because, other than the Shepard decision, Parker does not specify
on what basis his defense attorneys could or should have contested
his classification as a career offender. Under U.S.S.G. § 4B1.1,
Parker need have only two prior felony convictions either for a
"crime of violence" or a drug offense to be considered a career
offender. Parker has not just two, but seven such prior state
felony convictions, which, according to his PSR, are sufficient
predicate offenses for career offender status. PSR at ¶67 (citing
offenses specified in ¶¶ 53, 55, 57, 58, 59, 60, and 62). These
contributed to a total of 26 criminal history points, twice the
amount needed to qualify for sentencing under the highest criminal
history category (CHC VI) recognized by the Sentencing Guidelines.
Against this backdrop, it is hard to fathom how either of Parker's
defense attorneys could have reasonably argued that Parker was not
a career offender. Even this Court, in sentencing other Castlegate
Road career offenders in the same case, refused to grant downward
adjustments under U.S.S.G. § 4A1.3 on the grounds that their
criminal history overstated their criminality where their criminal
record, like Parker's, included prior acts of violence, let alone
repeated crimes of violence. [See, e.g., Thomas Hargrove, Docket
Entry 1296].

    To the extent Parker relies on Shepard for his 2005 ineffective
assistance of counsel claim, the government submits that that very

recent decision does not apply retroactively.  Even though the First Circuit has not yet ruled directly on the retroactivity of <u>Shepard</u>, several district courts in other circuits have either held or suggested that <u>Shepard</u> is not retroactive.  See <u>Olivas-Gutierrez v. United States</u>, 2005 U.S. Dist. LEXIS 9900, * 15 (W.D. Tex. 2005) (holding that the <u>Shepard</u> rule does not apply retroactively because it is a procedural rule that "does not seriously diminish the likelihood of an accurate conviction" and therefore does not qualify as one of "the small set of watershed rules of criminal procedure implicating fundamental fairness or the accuracy of the criminal proceeding" that are given retroactive effect); <u>United States v. Olusajo</u>, 2005 U.S. Dist. LEXIS 8732, * 2 (E. D. Penn. 2005) (noting that it is "unlikely that <u>Shepard</u> would be given retroactive applicability").  The First Circuit's analysis in <u>Cirilo-Munoz v. United States</u>, 404 F.3d 527, 532-33 (1st Cir. 2005), where it held that <u>Booker</u> does not apply retroactively, suggests that <u>Shepard</u> also should not be given retroactive effect.  The First Circuit observed that the Supreme Court decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) does not apply retroactively and reasoned that, since <u>Booker</u> flows from the decision in <u>Apprendi</u>, <u>Booker</u> similarly is not retroactive.  <u>Id.</u>  Since <u>Shepard</u>, which also involves a new constitutional rule regarding the application of sentence enhancements, falls into the same line of cases as <u>Apprendi</u> and <u>Booker</u>, the government submits that <u>Shepard</u> also does not apply

retroactively.

Even if one assumes for the sake of argument that Parker's new claim of ineffective assistance of counsel is not time-barred and that Shepard does apply retroactively, Parker's Shepard argument still fails on the merits.  Parker argues that this Court improperly examined police records in determining that one of Parker's prior state convictions qualified as a predicate "crime of violence" for career offender purposes in violation of the rule recently announced in Shepard v. United States, 125 S.Ct. 1254 (2005).  Specifically, Parker claims that the Court erred insofar as it relied on the information from police records set forth in counting his 1996 Assault & Battery convictions in Cambridge District Court (PSR ¶ 60) as a predicate crime of violence.  Memorandum of law in support of 2005 Motion at 1-4.

Shepard held that a sentencing court may not look beyond the charging documents to the underlying police reports for the purpose of identifying predicate offenses to enhance a defendant's sentence under the Armed Career Criminal Act (ACCA). Id. at 1257.  Given the similarity between the ACCA's definition of "violent felony" and Section 4B1.1's reference to a "crime of violence," the First Circuit has applied the Shepard ruling to career offender sentences. United States v. Jackson, 2005 U.S. App. LEXIS 10049, *1, n. 1 (1st Cir. 2005).

Nevertheless, Parker's Shepard argument must fail because

23

Parker clearly qualifies as a career offender even if one looks no further than the charging documents for his prior convictions. For instance, Parker was convicted in 1991 in Suffolk County Superior Court for Assault & Battery with a Dangerous Weapon (to wit: a wooden board).  See PSR ¶ 55 and certified court records attached hereto as Exhibit 5.  It is well established that assault and battery with a dangerous weapon is a "crime of violence" for purposes of the career offender provision of the Sentencing Guidelines.  See United States v. Santos, 363 F.3d 19, 22-24 (1st Cir. 2004) (observing that the charging document, by specifying that the assault and battery was committed with a dangerous weapon, provided conclusive evidence that the offense qualified as a predicate offense under §4B1.1).  It is equally well established that prior assault and battery convictions count as career offender predicates.  See United States v. Mangos, 134 F.3d 460, 464 (1st Cir. 1998) (holding that defendant's prior Massachusetts conviction for simple assault and battery was a "crime of violence" for the purpose of sentencing him as a career offender, even though assault and battery under Massachusetts law included offensive but non-harmful conduct, because assault and battery "involves conduct that presents a serious potential risk of physical injury to another")(internal quotations omitted).  In addition to the aforementioned A&BDW conviction, Parker has *three other* convictions for simple assault and battery, which also count as career offender

24

predicates.  See PSR ¶¶ 59, 60 and 62.[4]

Parker's other qualifying predicate offense is larceny from the person.  The First Circuit has held that a conviction for larceny from the person under Massachusetts law constitutes a "crime of violence" for the purpose of the career offender enhancement because such an offense "necessarily involves theft from within the victim's immediate presence," and, therefore, "bears an inherent risk of violent outbreak." United States v. De Jesus, 984 F.2d 21, 25 (1st Cir. 1993). Parker has not just one, but *four* of these qualifying convictions for larceny from the person. See PSR ¶¶ 53, 57, 58, and 59.  See also certified Boston Municipal Court records for two of these convictions attached hereto as Exhibit 7.  Not only does each of these prior convictions qualify as a career offender predicate, but this series of convictions spanning 1989-1993 reveals a pattern of recidivism indicative of a career offender.

Thus, Parker clearly qualifies as a career offender based solely on the nature of his prior offenses and/or on the basis of the underlying charging documents, without any recourse to any related police records, thereby defeating Parker's Shepard argument for challenging his sentencing as a career offender.  Since Parker had no valid basis to attack his career offender status, his

---

[4]  At least one of the charging documents involved in those three assault and battery convictions specified that Parker "did assault and beat" his victim, as was the case in Mangos, supra. See certified copy of Boston Municipal Court records attached hereto as Exhibit 6.

attorneys did not provide ineffective assistance of counsel by failing to do so.

> 5.    **Parker's <u>Booker</u> Motion Is Time-Barred and <u>Booker</u> Does Not Apply Retroactively:**

Parker's argument for resentencing in light of <u>Booker</u> also fails for several reasons. First of all, Parker's Motion to Amend his 2005 Motion is time-barred and not a proper amendment because it asserts a new claim that does not "relate back" to his original 2003 Application or to the new grounds cited in his 2005 Motion. As previously argued, an amended Section 2255 petition does not relate back and avoid the AEDPA one-year time limit when it asserts new grounds for relief based on facts "that differ in both time and type" from the original motion. <u>Mayle</u>, 2005 U.S. LEXIS 5016 at *12. The fact that the amended claims arise from the same trial or sentencing proceeding does not mean that they relate back to the original motion. <u>Id.</u> Parker's <u>Booker</u> motion rests on facts (the new advisory sentencing regime post-<u>Booker</u>) that are different in time and type from the claims raised in either his timely 2003 Application or his untimely 2005 Motion and is therefore time-barred by the one-year AEDPA time limit.

Even if Parker's <u>Booker</u> motion were viewed as a proper amendment, the First Circuit, agreeing with several other Circuits that have considered the issue, has ruled that "<u>Booker</u> does not apply retroactively." <u>Cirilo-Munoz v. United States</u>, 404 F.3d at 533. <u>See also</u> <u>United States v. Fraser</u>, 407 F.3d 9, 11 (1st Cir.

2005)("This court has held that petitions under 28 U.S.C. § 2255 are unavailable to advance <u>Booker</u> claims in the absence of a Supreme Court decision rendering <u>Booker</u> retroactive")(citing <u>Cirilo-Munoz</u>). Given that Parker's conviction became final in February, 2002 and that <u>Booker</u> is not retroactive, Parker's claim for resentencing under <u>Booker</u> has no merit.

### III.  <u>CONCLUSION</u>

For all the foregoing reasons, the government respectfully submits that Calvin Parker's 2003 Application, 2005 Motion and <u>Booker</u> Motion should be denied in their entirety.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                    By:    <u>s/Patrick M. Hamilton/</u>
                              PATRICK M. HAMILTON
                              Assistant U.S. Attorney
                              U. S. Attorney's Office
                              John Joseph Moakley
                              United States Courthouse
                              1 Courthouse Way, Suite 9200
                              Boston, MA  02210
                              (617) 748-3251


                              Also on the Government's
                                 Opposition

                              IRINA VASILCHENKO
                              Law Clerk, U.S. Attorney's
                                 Office
Date:      June 12, 2005      Boston University School of Law
                                 Class of 2007

### <u>CERTIFICATE OF SERVICE</u>

I, Patrick M. Hamilton, do hereby certify that a copy of the

foregoing was served this date by certified mail, return receipt
requested, upon Calvin Parker, Reg. No. 22157-038, USP Lewisburg,
P.O. Box 1000, Lewisburg, PA 17837.

Date:      June 12, 2005          ___s/Patrick M. Hamilton/___
                                  Patrick M. Hamilton

28

    SEALED    

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*

COPY

April 14, 1999

UNITED STATES DISTRICT COURT
DIST. OF MASS.

FILED IN OPEN COURT

DATE: 6/4/99

M M
**Deputy Clerk**

John H. Cunha, Esq.
Cunha & Holcomb, P.C.
20 Winthrop Square
Boston, MA 02110

     Re:    <u>United States v. Calvin Parker</u>
           Criminal No. 98-10185-NG

Dear Mr. Cunha:

     This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Calvin Parker (a/k/a "Paul Ward", "Calvin Parks" and "John Ward")(hereinafter "Defendant"), in the above-captioned case. The Agreement is as follows:

     1.    <u>Change of Plea</u>

     At the earliest practicable date, Defendant shall plead guilty to Count Fifty-Four of the above-captioned Indictment. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crime charged in Count Fifty-Four of the Indictment, and is in fact guilty of that offense. The U.S. Attorney agrees to dismiss Counts One, Twenty-Nine, Fifty-Three and Sixty-Seven against Defendant following the imposition of sentence.

     2.    <u>Penalties</u>

     Defendant faces the following minimum mandatory and maximum penalties in connection with Count Fifty-Four: a maximum term of twenty (20) years incarceration; up to three (3) years supervised release; up to a one million dollar fine; and a special assessment of $100.

     3.    <u>Sentencing Guidelines</u>

     The parties will take the following positions at sentencing under the United States Sentencing Guidelines:

(a) The parties agree to take the position that the quantity of drugs attributable to the Defendant pursuant to U.S.S.G. § 2D1.1 is at least 50 (fifty) grams but less than 150 (one hundred and fifty) grams of cocaine base.

(b) The parties agree to take the position that the Defendant qualifies for sentencing as a career offender pursuant to U.S.S.G. 4B1.1 and, therefore, that the Defendant's Base Offense Level is 32. In exchange for the concessions made by the U.S. Attorney in this agreement, the Defendant also agrees that he will not challenge the validity of his career offender status in this case, either on direct appeal or collaterally, based on a successful challenge to the validity of any of his prior convictions.

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the

2

reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

### 4. Sentence Recommendation

The U.S. Attorney will recommend a sentence of no more than 151 (one hundred and fifty-one) months.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except as explicitly reserved below. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines, except under the conditions explicitly set forth below. The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should any of Defendant's prior state convictions be vacated subsequent to the execution of this Agreement.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

### 5.    Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

### 6.    Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(e)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

7.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

8.    Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

9.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated January 21, 1999 without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

10.    Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

11.    Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated January 21, 1999. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those

4

contained in the proffer letter dated January 21, 1999. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Patrick M. Hamilton.

Very truly yours,

DONALD K. STERN
United States Attorney

By:

JAMES B. FARMER
Assistant U.S. Attorney
Chief,
Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

Patrick M. Hamilton
Theodore B. Heinrich
Assistant U.S. Attorneys

5

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which I have agreed to plead guilty, the maximum penalties for that offense and Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Calvin Parker
Defendant
Date: 5/7/99

I certify that Calvin Parker has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

John H. Cunha, Esq.
Attorney for Defendant
Date: 5/13/99

6

UNITED STATES DISTRICT COURT
For The
DISTRICT OF MASSACHUSETTS

RECEIVED
U.S. ATTORNEY
BOSTON, MASS.

UNITED STATES OF AMERICA

JUL 12  9 28 AM '05

V.

CALVIN PARKER

Criminal No. 98-10185-NG
Civil Action No. 05-10894-NG

## AFFIDAVIT OF ATTORNEY JULIANE BALLIRO

I, Juliane Balliro, do hereby depose and state under oath as follows:

1.    I represented Calvin Parker's in *United States v. Calvin Parker, et al.*
(Criminal No. 98-10185-NG) from on or about September 12, 2000, when I was
appointed as his counsel by the District Court (Gertner, J.) through his sentencing on or
about January 28, 2002.

2.    After he was sentenced, I discussed with Calvin Parker his right of appeal.
I explained that I did not believe that there was any substantive basis for challenging
either his conviction or his sentence and Mr. Parker indicated that he understood my
analysis. In particular, I observed that, from a defendant's perspective, Judge Gertner was
a good judge to draw, especially on sentencing issues, and that there was no real prospect
of being able to reverse her sentencing decision in his case on appeal.

3.    At no time did Calvin Parker request that I file a notice of appeal on his
behalf. He did request that I obtain information about his cases in Dorchester and
Cambridge.

4.    In April 2002, I received a letter from the court. The letter was from
Calvin Parker addressed to Judge Gertner requesting that she sign his commitment

1

papers. In that letter Mr. Parker inquired about "reconsideration" of the court's decision

or the possibility of appearing before her two years after the date of the letter for

reconsideration. He does not mention an appeal of his sentence in the letter. He did not

send a copy of the letter to me and I was unaware, prior to receipt of the letter from the

Court, that he had written to Judge Gertner.

Signed, under the pain and penalties of perjury, this 12th day of July, 2005.

Juliane Balliro, Esquire

2



# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

APPLICATION FOR LEAVE TO FILE A SECOND OR
SUCCESSIVE MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE
28 U.S.C. § 2255
BY A PRISONER IN FEDERAL CUSTODY

CaLvin Parker
Name

Federal Correctional Institution

P.O. Box 1000                               ID # 22157 - 038
Place of Confinement                        Prisoner Number

Otisville, NY 10963

## INSTRUCTIONS-READ CAREFULLY

(1)   This application must be legibly handwritten or typewritten and signed by
      the applicant under penalty of perjury.  Any false statement of a material
      fact may serve as the basis for prosecution and conviction for perjury.

(2)   All questions must be answered concisely in the proper space on the
      form.

(3)   The Judicial Conference of the United States has adopted the 8 1/2 x 11
      inch paper size for use throughout the federal judiciary and directed the
      elimination of the use of legal size paper.  All pleadings **must** be on 8 1/2
      x 11 inch paper; otherwise we cannot accept them.

(4)   All applicants seeking leave to file a second or successive petition are
      required to use this form, except in capital (death penalty) cases.  In
      capital cases only, the use of this form is optional.

(5)   Additional pages are not permitted except with respect to additional
      grounds for relief and facts which you rely upon to support those grounds.
      You submit separate petitions, motions, briefs, arguments, etc., that
      support your application.

(6)   In accordance with the "Antiterrorism and Effective Death Penalty Act of
      1996," as codified at 28 U.S.C. § 2255(b), effective April 24, 1996, before
      leave to file a second or successive motion can be granted by the United

States Court of Appeals, it is the applicant's burden to make a prima facie showing that he satisfies either of the two conditions stated below.

> A second or successive motion must be certified as provided in [28 U.S.C.] section 2255 by a panel of the appropriate court of appeals to contain--

>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(7)    When this application is fully completed, the original and four copies must be mailed to:

> **Clerk of Court**
> **United States Court of Appeals for the First Circuit**
> **John Joseph Moakley Courthouse**
> **1 Courthouse Way, Suite #2500**
> **Boston, Massachusetts 02210**

(Rev. 11/02)

# APPLICATION

1.  (a)    State and division of the United States District Court which entered the
           judgment of conviction under attack
           <u>United States Court For The District of Massachusetts,</u>
           <u>( Boston, Mass. 1st Cir.)</u>
    (b)    Case Number <u>Criminal NO. 98-10185-NG</u>

2.  Date of judgment of conviction <u>January 24/02</u>

3.  Length of sentence <u>151 - Months</u>    Sentencing Judge <u>Nancy Gertner</u>

4.  Nature of offense or offenses for which you were convicted: <u>Title and Section</u>
5.  <u>21: U.S.C. 841(a)(1), count # 54 charging him with possession</u>
    <u>with intent to distribute and distribution of cocaine base aiding</u>
    <u>and abetting.</u>

5.  Related to this conviction and sentence, have you ever filed a motion to vacate in
    any federal court?
           Yes ( )   No (X)  If "yes", how many times? _____ (if more than
           one, complete 6 and 7 below as necessary)

    (a) Name of court _____
    (b) Case number _____
    (c) Nature of proceeding _____
    _____
    _____

    (d) Grounds raised (list <u>all</u> grounds; use extra pages if necessary) _____
    _____
    _____
    _____
    _____
    _____
    _____

    (e) Did you receive an evidentiary hearing on your motion?  Yes ( )   No ( )
    (f) Result _____
    _____

    (g) Date of result _____

6.  As to any second federal motion, give the same information:
    (a) Name of court _____
    (b) Case number _____
    (c) Nature of proceeding _____
    _____
    _____

(d) Grounds raised (list all grounds; use extra pages if necessary): _____

_____

_____

_____

_____

_____

(e) Did you receive an evidentiary hearing on your motion?  Yes ( )  No  ( )
(f) Result _____

_____

(g) Date of result _____

7.    As to any third federal motion, give the same information:
      (a) Name of court _____
      (b) Case number _____
      (c) Nature of proceeding _____

_____

(d) Grounds raised (list all grounds; use extra pages if necessary) _____

_____

_____

_____

_____

_____

(e) Did you receive an evidentiary hearing on your motion?  Yes ( )  No  ( )
(f) Result _____

_____

(g) Date of result _____

8.    Did you appeal the result of any action taken on your federal motion? (Use extra
      pages to reflect additional petitions if necessary)
      (1) First motion      No ( ) Yes ( )      Appeal No. _____
      (2) Second motion     No ( ) Yes ( )      Appeal No. _____
      (3) Third motion      No ( ) Yes ( )      Appeal No. _____

9.    If you did not appeal from the adverse action on any motion, explain briefly why you did
      not: I asked my appointed attorney JULIANE BALLIRO to place a direct
      appeal in on my behalf, but because of her ineffective assistance
      of counsel to follow my request I lost my right for a direct appeal
      and im left with a (1) year time limit to place a 28 U.S.C. § 2255
      motion to " Preserve, and invalidate my conviction".
_____

_____

10. State concisely every ground on which you now claim that you are being held
unlawfully. Summarize briefly the facts supporting each ground.

    (a)    Ground one: The prior convictions that the government used to
enhance my guideline, were obtained unconstitutionally by
the Commonwealth district court.
Supporting FACTS (tell your story briefly without citing cases or law):
I have audio tapes of the plea colloquy's to prove my
innocence and to invalidate the convictions.

Was this claim raised in a prior motion?   Yes ( )   No (x)

Does this claim rely on a "new rule of law?"  Yes (X)  No ( )
If "yes," state the new rule of law (give case name and citation):
United States V. Pettiford, 101 F.3d 199(1st Cir. 1994),or see
Custis V. United States, 511 U.S. 485, 114 S.Ct.1732,128 L.Ed.2d
517(1996)
Does this claim rely on "newly discovered evidence?" Yes ( ) No ( )
If "yes," briefly state the newly discovered evidence, and why it was not
previously available to you

    (b)    Ground two:  Ineffective Assistance of Counsel.

Supporting FACTS (tell your story briefly without citing cases or law):
I asked my attorney to enter a direct appeal on indictment
defect, and lack of jurisdiction by the government.
and other issue but she failed to respect my wishes and did
not act on time.

Was this claim raised in a prior motion?     Yes (X)   No ( )

Does this claim rely on a "new rule of law?"   Yes ( )  No ( )
If "yes," briefly state the new rule of law (give case name and citation):
 Bonneau V. United States, U.S. C.A.1. (Mass.) 1992, 961 F.2d 17.
  or see please Barrientos V. U.S. C.A.5. (Tex.) 1982, 668 F. 2d 838.

Does this claim rely on "newly discovered evidence?" Yes ( )  No ( )
If "yes," briefly state the newly discovered evidence and why it was not previously
available to you _____

_____
_____
_____
_____
_____

[Additional grounds may be asserted on additional pages if necessary]

11.    Do you have any motion or appeal now pending in any court as to the judgment now
under attack?   Yes ( X )  No ( )
If yes, name of court  John JOSEPH Moakley_____  Case Number  02 - 2651_____

        Wherefore, applicant prays that the United States Court of Appeals for the First Circuit
grant an Order Authorizing the District Court to Consider Applicant's Second or Successive
Motion to Vacate under 28 U.S.C. § 2255.


_____
Applicant's Signature

I declare under Penalty of Perjury that my answers to all the questions in this Application are
true and correct.

Executed on  January 7/03_____
              [date]


_____
Applicant's Signature

Proof of Service

Applicant must send a copy of this application and all attachments to the United States Attorney's office in the district in which you were convicted.

I certify that on  January 7/03 _____, I mailed a copy of this Application and all
               [date]
attachments to  The United States District Court For Boston Massachusetts.

at the following address:
 1 COURTHOUSE WAY, SUITE 2300 _____
 BOSTON, MA 02210 _____

_Calvin Parker_____
Applicant's Signature


_Calvin Parker_


       Pursuant to Fed.R.App.P. 25(c), "If an inmate confined in an institution files a notice of appeal . . ., the notice of appeal is timely filed if it is deposited in the institution's internal mail system on or before the last day of filing. Timely filing may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid."

# United States Court of Appeals
## For the First Circuit

—————————————

No. 03-1127

CALVIN PARKER,

Petitioner,

v.

UNITED STATES,

Respondent.

—————————————

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

—————————————

JUDGMENT
Entered: February 4, 2003

Petitioner has filed an application for leave to file a second or successive § 2255 petition. So far as the district court docket indicates, petitioner has not yet filed a first § 2255 petition. If that is the case, then petitioner does not need permission from this court to file a § 2255 petition in the district court. Because, on the materials presently available to us, it does not appear that permission is needed from this court, we transfer the petition to the district court (Massachusetts) with directions that it be docketed as a § 2255 petition. Should it turn out that petitioner has already filed a § 2255 petition in the district court and that permission is needed from the court of appeals to file a second one, then the district court may transfer the petition back to this court.

Transferred.

By the Court:

RICHARD CUSHING DONOVAN, Clerk

Richard Cushing Donovan, Clerk.

FORM 104

SUCR 091615

*Commonwealth of Massachusetts*

*Suffolk, to wit:*

*At the Superior Court, begun and holden at the City of Boston, within and for the County of Suffolk, for the transaction of Criminal Business, on the first Monday of* JUNE *in the year of our Lord one thousand nine hundred and* NINETY ONE.

*The Honorable* JAMES P. DONOHUE

*a Justice of said Court presiding*

SUCR 091615

*Commonwealth of Massachusetts*

*Suffolk, to wit:*

*At the Superior Court, begun and holden at the City of Boston, within and for the County of Suffolk, for the transaction of Criminal Business, on the first Monday of* JUNE *in the year of our Lord one thousand nine hundred and* NINETY ONE.

*The Honorable* JAMES P. DONOHUE

*a Justice of said Court presiding*

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                              At the SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT, begun and holden at the City of
Boston, within and for the County of Suffolk, for the
transaction of criminal business, on the first Monday of
October, in the year of our Lord one thousand nine hundred and
ninety.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath

present that

CALVIN PARKER,

on August 18, 1990, did commit an assault and battery upon one

Cyril Durham, by means of a certain dangerous weapon, to wit: a

wood board.

A TRUE BILL.

*Brent D. Relstone*
Assistant District Attorney.

*Albert C. Walts*
Foreman of the Grand Jury.

8A-091615

**Commonwealth vs.**   Calvin Parker

NO. 091615

| Paper No. | Date of Filing | Attorney |
|---|---|---|
| Offense | | |
| Assault and battery by means of a dangerous weapon | | |
| 1 | Oct. 25, 1990 | (091615;091455-6;091452-54)<br><br>Indictment returned. |
| 2 | | Motion of Commonwealth for issuance of summons for appearance of defendant on November 8, 1990 filed and allowed. Ford, J.<br><br>Summons issued. |
| | Oct. 26, 1990 | Attested copy of summons and indictment sent to defendant for his appearance on November 8, 1990- waives reading of Indictment- pleads not guilty. |
| | | Comes into Court.<br><br>Court appoints Ronald Nacamuli to represent defendant pursuant to Superior Court Rule 53.<br><br>Defendant recognize personally without surety in the sum of $100. |
| | Nov. 8, 1990 | Pre-Trial conderence report ordered filed November 20, 1990.<br><br>Wilson, AC/M- B. Redstone, ADA - D. McLean, court reporter.<br><br>R. Nacamuli, attorney for defendant. |
| | Nov. 9, 1990 | Attorney notified. |

(jv)

(over)    (tm)

| Paper No. | Date of Filing | |
|---|---|---|
| 3 | Nov. 19, 1990 | Pre-Trial conference report filed. |
| | Nov. 20, 1990 | Comes into Court. |
| | | Continued to December 6, 1990 by agreement re: status. |
| | | Wilson, Ac/M - B. Redstone, ADA - D. McLean, court reporter. |
| | Dec. 6, 1990 | R. Nacamuli, attorney for defendant. |
| | | Defendant not in Court. |
| | | Continued to December 10, 1990 by agreement re: status. (tm) |
| | Dec. 10, 1990 | Wilson, Ac/M - R. Powers, S.P. - D. McLean, court reporter. |
| | | Comes into Court |
| | | Continued to December 20, 1990 by agreement re: status. |
| | | Walsh, Ac/M - J. Canavan, ADA - D. McLean, court reporter (tm) |
| | | R. Nacamuli, attorney for defendant. |
| | Dec. 17, 1990 | Motion for severance. |
| | Dec. 20, 1990 | Comes into Court. |
| | | Continued to January 9, 1991 for Pre-trial conference. |
| | | Continued to January 16, 1991 to complete discovery. |
| | | Continued to January 23, to file motions. |
| | | Continued to January 29, 1991 for hearing on motions. |
| | | Wilson, Ac/M - R. Powers, S.P. C. James, court reporter. |
| 4 | Jan. 29, 1991 | Comes into Court |
| | | Continued to May 6, 1991 for trial by agreement. |

(continued)

| Paper No. | Date of Filing | - 2 - | No. 091615 |
|---|---|---|---|
| | Jan. 29, 1991 | Wilson, Ac/M - B. Redstone, ADA - D. McLean, court reporter | |
| | | R. Nacamuli, attorney for defendant. | (tm) |
| | May 6, 1991 | Defendant not in Court | |
| | | After lobby conference continued to June 5, 1991 for trial by order of the Court. | |
| | | Donohue, J.- B. Redstone, ADA - Electronic Recording Device | |
| | | R. Nacamuli, attorney for defendant. | (tm) |
| | June 6, 1991 | Comes into Court | |
| | | Defendant offers to plead guilty. After hearing, court accepts defendants offer. | |
| | | Defendant pleads guilty. | |
| | | M.C.I. Concord (5) years (6) months to be served - Probation (2) years. | |
| | | $50.00 Victim/Witness assessment imposed. | |
| | | $30.00 per month probation fee. | |
| | | Court orders execution of said sentence stayed until June 18, 1991. | |
| | | Donohue, J.- b. Redstone, ADA- Electronic Recording Device. | |
| | | R. Nacamuli, attorney for defendant. | |
| | June 18, 1991 | Stay revoked. Defendant committed. | (tm) |
| | July 11, 1991 | ASSESSMENT IN THE AMOUNT OF $ 50.00——— PAID TO VICTIM/WITNESS ASSISTANCE FUND IN ACCORDANCE WITH M.G.L. CHAPTER 258B, SEC. 8 | (tm) |
| | Aug. 30, 1993 | Brought into Court. | (rp) |
| | | Court appoints Attorney R. Nacamuli to represent defendant pursuant to superior Court Rule 53. | |
| | | (OVER) | |

| Paper No. | Date of Filing | |
|---|---|---|
| | Aug. 30, 1993 | Bail: $100.00 personal recognizance. |
| | | Continued to September 22, 1993 for Probation hearing. |
| | | G. Wilson, AC/M- Electronic Recording Device. (rp) |
| | Oct. 4, 1993 | Brought into Court. |
| | | Court appoints Attorney R. Nacamuli to represent defendant pursuant to superior |
| | | Court Rule 53. |
| | | 101 Main Street S-216, Medford, Ma 02155. |
| | | Continued to October 25, 1993 for Probation hearing. |
| | | G. Wilson, AC/M- Electronic Recording Device. (rp) |
| | Nov. 8, 1993 | Defendant not in Court - continued to November 29, 1993 at request of |
| | | Probation Officer. |
| | | G. Wilson, AC/M- Electronic Recording Device. (rp) |
| | Dec. 8, 1993 | Defendant not in Court. |
| | | Waiver of Preliminary hearing, filed. |
| | | Sent to Room 806 for Final hearing. |
| | | G. Wilson. AC/M- R. Powers, ADA - Electronic Recording Device- |
| | | R. Nacamuli, Attorney for defendant. (rp) |
| | Dec. 9, 1993 | Brought into Court. |
| | | After hearing, the Court finds the defendant in violation of the terms |
| | | and conditions of probation. |
| | | The Court Revokes the Suspended sentence of June 6, 1991 and orders the |
| | | defendant committed Five (5) years. M.C.I., Concord. (CONTINUED) |

| Paper No. | Date of Filing | -3- No. 091615 |
|---|---|---|
| | Dec. 9, 1993 | Defendant deemed to have served (180) days of said sentence. Concurrent with sentence is serving at South Bay House of Correction. Mittimus Issued. Sweeney, J. - D. McLean, Court Reporter- R. Nacamuli, Attorney for defendant. (rp) |
| | July 12, 1994 | Defendant files: Motion to correct mittimus: Motion for issuance of habe. Brought into Court - continued by agreement to October 4, 1994 hearing re: motions. (rp) |
| 6 | Sep. 21, 1994 | G. Wilson, AC/M- Electronic Recording Device- R. Nacamuli, Attorney for defendant. (rp) |
| 7 | Oct. 4, 1994 | Brought into Court. Hearing re: Paper #6, after hearing denied. Quinlan, J.- D. McLean, Court Reporter- M. Reagan, Department of Correction Attorney, R. Nacamuli, Attorney for defendant. (rp) |

No. SUCR 091615

Commonwealth of Massachusetts

*vs.*

**CALVIN PARKER**

No. SUCR 091615

Commonwealth of Massachusetts

*vs.*

CALVIN PARKER

# BOSTON MUNICIPAL CRIMINAL COURT JURY SESSION

A TRUE COPY ATTEST

Defendant:              PARKER CALVIN
Also Known As           WESTBROOK SHAWN
                        444 HARRISON AVE
                        BOSTON            MA
Birthdate 08/20/70 Sex M S.S.# -      -
Complaintant:   CONVERSE    BPD/AREA D

Primary Court Information :
District Court :  BMC        Case Type  DN
Docket #  9301CR5670A   Judge :DOUGAN, J.
Primary Court Dispositions :
FOUND GUILTY - H/C 1 YR - APPEAL

Recog:
$15,000.SUR-$1500.CASH - COMM

Docket Information

Docket Number    931581    A  THRU   B
RECEIVED Date :     08/09/93
NEXT Appearance Date :  08/17/93

** 931581

* Defendant Name PARKER CALVIN
931581 A A LARCENY FROM PERSON
931581 B B A & B

931581

Amps

BOSTON MUNICIPAL COURT DEPARTMENT
FOR CRIMINAL BUSINESS -- JURY SESSION
ALIAS : WESTBROOK SHAWN
NAME - PARKER CALVIN
PRIMARY COURT          DOCKET NUMBER
BOSTON MUNICIPAL COURT 9301CR5670
1ST APPEARANCE DATE 08/17/93

JURY DOCKET # 931581
SEE NUMBERS
931581 A - 931581 B
OFFENSE LARCENY FROM PERSON

LEGAL COUNSEL FEE ASSESSMENT    $75
LEGAL COUNSEL FEE CONTRIBUTION
VICTIM/WITNESS FUND ASSESSMENT
DRUG ANALYSIS FUND ASSESSMENT
SUPERVISED PROBATION FEE

AUG 17 1993

8910

DEFENDANT IN COURT   ATTORNEY APPOINTED BY COURT   Goonan

PLEADS NOT GUILTY

15,000
or
1500
CASH    to Oct 6

Aug 31, 1993 PTR

OCT 6 1993

Goonan

DEFENDANT OFFERS TO
PLEAD GUILTY - AFTER
HEARING. COURT ACCEPTS
DEFENDANT'S OFFER,
DEFENDANT PLEADS GUILTY

15,000
or
1500 cost    Nov 3
for disposition    Herlihy J

BOSTON MUNICIPAL COURT DEPARTMENT
FOR CRIMINAL BUSINESS -- JURY SESSION
ALIAS : WESTBROOK SHAWN
NAME - PARKER CALVIN                      JURY DOCKET # 931581
PRIMARY COURT          DOCKET NUMBER      SEE NUMBERS
BOSTON MUNICIPAL COURT 9301CR5670           931581 A -  931581 B
1ST APPEARANCE DATE 08/17/93              OFFENSE LARCENY FROM PERSON

334   379

Plea taken
on 10/6/93

Goonan
ADA O'Brien

Count A & B

FOUND GUILTY

HOUSE OF CORRECTION      one year committed

103

all fees and assessments waived

11-9-93 Motion to Revise & Revoke recv'd & filed.

| CRIMINAL COMPLAINT | 9301 CR 5670 | **Trial Court of Massachusetts** |
|---|---|---|
| Boston Municipal Court | NAME, ADDRESS AND ZIP CODE OF DEFENDANT | **Boston Municipal Court Department** |

| | NAME, ADDRESS AND ZIP CODE OF DEFENDANT |
|---|---|
| | Shawn Westbrook, alias Calvin Parker 444 Harrison Ave. Boston, MA |

**TO ANY JUSTICE OR CLERK-MAGISTRATE OF THE BOSTON MUNICIPAL COURT DEPARTMENT**

The within named and undersigned complainant, on behalf of the Commonwealth, on oath complains that on the date and at the location stated herein the defendant did commit the offense(s) listed below in the city of Boston and within the judicial district of Boston Municipal Court.

| DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|
| 8/20/70 | M | B.N | 5'5 | 150 | brn | blk |

| C.C. # |
|---|
| 31540038      62//605 |

| DATE OF OFFENSE | PLACE OF OFFENSE |
|---|---|
| 7/20/93 | 88 Exeter St. |

| COMPLAINANT | POLICE DEPARTMENT |
|---|---|
| William Battos/R.Converse | Area D |

| DATE OF COMPLAINT | RETURN DATE AND TIME |
|---|---|
| 7/21/93 | |

RECEIVED IN THE MUNICIPAL COURT OF THE CITY OF BOSTON JURY SESSION

AUG 9 19

9 3 1 5 8 1

CLERK/MAGISTRATE

COUNT-OFFENSE
A. ROBBERY, UNARMED C265 S19   *amended 2*

not being armed with a dangerous weapon, by force and violence, or by assault and putting in fear, did rob, steal or take from the person of Linda Kuebler, or from said person's immediate control, two 24" gold necklaces, in violation of G.L. c.265, s.19.

COUNT-OFFENSE
B. ASSAULT AND BATTERY C265 S13A

did assault and beat Linda Kuebler, in violation of G.L. c.265, s.13A.

COUNT-OFFENSE
C.

COUNT-OFFENSE
D.

| COMPLAINANT OR AUTHORIZED OFFICER | SWORN TO BEFORE CLERK-MAGISTRATE/ASST. CLERK | ON (DATE) | ADDITIONAL COUNTS ATTACHED |
|---|---|---|---|
| X  William R. Battos | X  Deputy | 7/21/93 | |

| CHIEF JUSTICE | | COURT ADDRESS | Boston Municipal Court |
|---|---|---|---|
| William J. Tierney | | | Criminal Division |

| A TRUE COPY | CLERK-MAGISTRATE/ASST. CLERK | ON (DATE) | Fourth Floor, New Court House |
|---|---|---|---|

## APPLICATION FOR COMPLAINT

NUMBER

Trial Court of Massachusetts
**Boston Municipal Court Department**

☒ ARREST  ☐ HEARING  ☐ SUMMONS  ☐ WARRANT

The within named complainant requests that a complaint issue against the within named defendant, charging said defendant with the offense(s) listed below.

Boston Municipal Court
Criminal Division, Room 411 —
Fourth Floor, New Court House
Boston, MA 02108

| DATE OF APPLICATION | DATE OF OFFENSE | PLACE OF OFFENSE |
|---|---|---|
| 7-21-93 | 7-20-93 | 88 Exeter St. |

NAME, ADDRESS AND ZIP CODE OF COMPLAINANT

P.O. R. Converse - P.O. W. Donga

7 Warren Ave  Dist. 4

Bos. Ma.   William Battos
              A.K.A.
              Calvin Parker
              D.O.B. 8-2-69

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

Shawn Westbrook

444 Harrison Ave

Bos. Ma.

| NO. | OFFENSE | G.L. and Sec. |
|---|---|---|
| 1. | Unarmed Robbery | 27 / 19 |
| 2. | A + B | 05 / 13A |
| 3. | | |
| 4. | | |

IF ADDITIONAL OFFENSES CHECK HERE ☐ AND ATTACH.

### DEFENDANT IDENTIFICATION INFORMATION — Complete data below if known.

| C.C. # | DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|---|---|---|
| 31 540038 | 8-20-70 | M | B-N | 5'5" | 150 | Brn | Blk | Unk. |

| COURT USE ONLY → | A hearing upon this complaint application will be held at the Boston Municipal Court, Rm. 411 on | DATE OF HEARING | TIME OF HEARING | COURT USE ONLY |
|---|---|---|---|---|
| | | AT | | ← ONLY |

### CASE PARTICULARS — BE SPECIFIC

| NO. | NAME OF VICTIM Owner of property, person assaulted, etc. | DESCRIPTION OF PROPERTY Goods stolen, what destroyed, etc. | VALUE OF PROPERTY Over or under $100. | TYPE OF CONTROLLED SUBSTANCE OR WEAPON Marijuana, gun, etc. |
|---|---|---|---|---|
| 1 | Linda Kuebler | 2  24" gold necklaces | over | |
| 2 | "    " | | | hands |
| 3 | | | | |
| 4 | | | | |

OTHER REMARKS: Defendant arrested after victim stated he struck her on the chin + forcibly removed two gold chains from her neck. Suspect later identified as Calvin Parker D.O.B. 8-2-69

P.O. R. Converse   P.O. W. Donga
SIGNATURE OF COMPLAINANT

IF PROCESS IS ORDERED, THIS APPLICATION MUST BE PRESENTED AT ONCE TO PLEADING CLERK AT ROOM 411

| NAMES OF WITNESSES | Recog. to S.C. | Give place of business or employment, if in Boston, otherwise, residence | ST. NO. |
|---|---|---|---|
| Joan Levin | | Tel. 508  785 0730  9 Grand Hill Dr. Dover Ma 02050  333-3659 | |
| Marvin Dixon   (Safe Security Systems) | | 2001 Beacon St. Bri Ma.  Tel 331 8938 | |
| Kevin Craig | July 21 1993 | 95 St. Margret St. Weymouth | |
| Carl Saversberunn | | Tel. 203 676 1283 | |

| State if defendant is arrested | yes | Date of Arrest | 7-20-93 |

| NOTICE OF ASSIGNMENT OF COUNSEL | ASSIGNMENT NUMBER C 1029296-2 | COMMONWEALTH OF MASSACHUSETTS |
|---|---|---|

| DATE OF ASSIGNMENT 8/17/93 | NAME OF ASSIGNING JUDGE H. KEATING | COURT DIVISION | ☐ JURY SESSION (Check Here) |

NAME OF PERSON FOR WHOM COUNSEL ASSIGNED  Calvin Parker

☐ Juvenile (J)   ☒ Adult (A)   Language if not English ____

#559
BOSTON MUNICIPAL COURT
408 NEW COURT HOUSE
CRIMINAL BUSINESS
BOSTON, MA 02108

CRIMINAL CASES—ENTER OFFENSE CODE OR CHAPTER & SECTION WITH CHARGE

| DOCKET NO. | OFFENSE CODE | CHAPTER | SECTION | CHARGE |
|---|---|---|---|---|
| A  93-1581 | | 265 | 19 | Larceny from Person |
| B | | 265 | 13A | A & B |
| C | | | | |
| D | | | | |
| E | | | | |
| F | | | | |

NON-CRIMINAL CASES

☐ 1001 c.119, §§23(C), 29    ☐ 1008 (c.119, §39F)
☐ 1002 c.210, §3/DPW JKB    ☐ 1009
☐ 1003 Civil Commitment      ☐ 1010 Saikewicz
☐ 1017 Writ of Apprehension c.123     ☐ 1011 Probate Contempt
☐ 1018 Commitment of Alcohol c.123, §35   ☐ 1012 Nursing Contempt
☐ 1019 Commitment/Guardianship of Mentally Retarded Persons c.201,§6   ☐ 1013 Foster Care Review
☐ 1004 Commitment Review    ☐ 1014 Elderly Abuse
☐ 1005 c.112, §12S           ☐ 1015 c.201 Guardianship
☐ 1006 SDP (c. 123A, §5)    ☐ 1016 c.119, §§24, 29
☐ 1007 SDP Review (c. 123A, §6)   ☐ 1020 Disabled Persons (c.19C, §7) for Protective Services

THIS FORM IS NOT FOR GUARDIAN AD LITEM ASSIGNMENTS

NEXT COURT DATE  10/6/93

FOR:
☐ Bench or Jury Trial (T)   ☐ Pre-Trial (P)
☐ Probable Cause (C)        ☐ Other (O)

INCARCERATION STATUS
☐ Released
☐ Not Released
☒ Bail $ ____ No Bail ____
☐ Serving Other Sentence
☐ Committed
☐ Not Applicable

POST-TRIAL CRIMINAL CASES ONLY
PURPOSE OF ASSIGNMENT

☐ Appeals Court or SJC (A)   ☐ Revise and Revoke (R)
☐ Sentence Appeal (S)        ☐ New Trial Motion (N)
☐ Probation Surrender (P)    ☐ Other (O)

INDIGENCY DETERMINATION

The court has found the above-named person

☐ Indigent      or    ☐ Indigent but able to contribute $ ____

The attorney or organization listed below is assigned to represent this person in this action.

CHECK ONE OF THE FOLLOWING:

☐ Public Defender Division
11
Local Office # ____
(See reverse side for address and telephone number.)

☐ Student Attorney under Rule 3:03
____
Name of Program

☐ Attorney to be named by CPCS for Appeals Court/SJC/Murder Cases/Rule 30 Motions/SDP Send to:
CPCS
80 Boylston Street, Suite 600
Boston, MA 02116

☐ Private Counsel Attorney
PLEASE PRINT

NAME   FIRST   THOMAS J GOONAN   LAST
LUSHAN, McCARTHY, & GOONAN
STREET   Attorneys at Law
284 Harvard St.
P. O. Box 1604
CITY   Brookline, MA 02146
STATE ____ ZIP ____
TELEPHONE ____
CRIMINAL CASE INFORMATION CONTACT: BAR ADVOCATE PROGRAM NO.   3
(SEE REVERSE SIDE FOR ADDRESS AND TELEPHONE NUMBER.)

AUTHORIZED SIGNATURE ____

PRINT NAME ____

## INSTRUCTIONS TO THE COURT

1. Forward white copy to Committee for Public Counsel Services, 80 Boylston Street, Boston, MA 02116.
2. Retain green copy for court file.
3. Remaining copies are color coded as follows: pink—client, blue—bar advocate program, buff and goldenrod—attorney.

PC-1 (7-88)

# BOSTON MUNICIPAL
# CRIMINAL COURT
# JURY SESSION

A TRUE COPY ATTEST

912916    PARKS CALVIN

Defendant:                PARKS CALVIN
Also Known As
                          36 RIDGEWAY ST
                          MATTAPAN , MA
Birthdate  08/20/69 Sex M S.S.# 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

Attorney Name & Address:
                          MIKE SCHNEIDER

Complaintant:             CUNNIFFE AREA A

Docket Number:  912916

Primary Court Information :
District Court :   BMC        Case Type   DN

Docket # 1989    A Judge : DONOVAN, J

Primary Court Dispositions :
FD GUILTY-HC2 1/2 YRS-1 YR TO SERV-BAL SUSP-PROB
TO 4/7/93-APPEAL
Recog:
$500 OWN RECOG

Docket Information :  Docket #  912916

See Docket #'s    912916   -

OFFENSE Date :                    03/04/91
RECEIVED Date :                   04/17/91
NEXT Appearance Date :            04/23/91

Offense :  ROBBERY UNARMED
           PARKS CALVIN

912916

BOSTON MUNICIPAL COURT DEPARTMENT
FOR CRIMINAL BUSINESS -- JURY SESSION
ALIAS :
NAME - PARKS CALVIN
PRIMARY COURT          DOCKET NUMBER
BOSTON MUNICIPAL COURT 1989
1ST APPEARANCE DATE 04/23/91

JURY DOCKET # 912916
SEE NUMBERS
    912916 -
OFFENSE ROBBERY ARMED

Legal Counsel for Argument  *waived*
Legal Counsel for ........
Victim/Witness Fee Assessment  *waived*
Drug Analysis Test Assessment
Supervised Probation Fee

MAY 6    1991

        DIC

500 to May 16, own recog
    bail
        Kelly J

MAY 23 1991

    3358

        DIC

500 to May 23, own recog
    bail
        Kelly J

        No Atty
500 to Sept 5 own recog
        bail Kelly J

SEP   1991

⊗    ANIC                    CPCS
    500. to Sept. 16. own recog.
                    Leos R Jan. J

SEP 6   1991
DIC - Court allow ..... left to Atty Schneider .....
withdraw his appeal and accept primary court
sentence sentence to run concurrent with
sentence presently being served. one year to serve
balance ..... HOUSE OF CORRECTION, MOS. H.R.A. ..... Zubedi ...
HOUSE OF CORRECTION  MOS. H.R.A.

BOSTON MUNICIPAL COURT DEPARTMENT
FOR CRIMINAL BUSINESS -- JURY SESSION
ALIAS :
NAME - PARKS CALVIN                    JURY DOCKET # 912916
PRIMARY COURT        DOCKET NUMBER     SEE NUMBERS
BOSTON MUNICIPAL COURT 1989              912916  -        0
  1ST APPEARANCE DATE 04/23/91          OFFENSE ROBBERY UNARMED

*[handwritten notations]*

May 25 1999 Defs. prose
Motion to w/draw admission &
for new trial rcd. & filed. June 3

Apr 3??, status re: Motion

JUN 3  1999

Defendant Not in Comp.

See entries on   91 JC 2855
re: Motion .

Kelly J SJH

**Trial Court of Massachusetts**
**Boston Municipal Court Department**

Boston Municipal Court

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

Calvin Parks
36 Ridgeway St
Mattapan, Ma

TO ANY JUSTICE OR CLERK-MAGISTRATE
OF THE BOSTON MUNICIPAL COURT DEPARTMENT

The within named and undersigned complainant, on behalf of the Commonwealth, on oath complains that on the date and at the location stated herein the defendant did commit the offense(s) listed below in the City of Boston and within the judicial district of Boston Municipal Court.

| DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|
| 8/20/69 | male | blk | 5'7" | 140 | brn | blk |

C.C. #
11176284          627

DATE OF OFFENSE: 3/4/91
PLACE OF OFFENSE: Cambridge/City Hall Plaza

COMPLAINANT: Michael Hurley/Cunniffe
POLICE DEPARTMENT: Area A

DATE OF COMPLAINT: 3/4/91
RETURN DATE AND TIME:

A TRUE COPY ATTEST

COUNT-OFFENSE
A. ROBBERY, UNARMED C265 S19

not being armed with a dangerous weapon, by force and violence, or by assault and putting in fear, did rob, steal or take from the person of Roxanne LaGorio, or from said person's immediate control, 24" gold rope Chain, in violation of G.L. c.265, s.19.

COUNT-OFFENSE
B.

COUNT-OFFENSE

COUNT-OFFENSE

COMPLAINANT OR AUTHORIZED OFFICER

SWORN TO BEFORE CLERK-MAGISTRATE/ASST. CLERK

ON (DATE) 3-4-91

ADDITIONAL COUNTS ATTACHED

CHIEF JUSTICE
William J. Tierney

CLERK-MAGISTRATE/ASST. CLERK
AT: X

COURT ADDRESS: Boston Municipal Court
Criminal Division
Fourth Floor, New Court House
Boston, MA 02108

I-1 (6-88)

# APPLICATION FOR COMPLAINT

☐ ARREST  ☐ HEARING  ☐ SUMMONS  ☐ WARRANT

e within named complainant requests that a complaint issue against the within
med defendant, charging said defendant with the offense(s) listed below.

**Commonwealth of Massachusetts**
**Boston Municipal Court Department**

Boston Municipal Court
Criminal Division, Room 411 —
Fourth Floor, New Court House
Boston, MA 02108

| TE OF APPLICATION | DATE OF OFFENSE | PLACE OF OFFENSE |
|---|---|---|
| 3/4/91 | 3/4/91 | Cambridge St / City Hall Plaza |

| ME, ADDRESS AND ZIP CODE OF COMPLAINANT | NO | OFFENSE | G. Ch. and Sec. |
|---|---|---|---|
| PO John M. Cunniffe / Michael (Hurley) | 1. | UNARMED ROBBERY  (G.27) | 265 |
| AREA A 40 New Sudbury St. | 2. | | |
| Boston MA. | 3. | | |
| ME, ADDRESS AND ZIP CODE OF DEFENDANT | | | |
| Calvin Park | 4. | | |
| 36 Ridgway St | | | |
| MATTAPAN MA. | ADDITIONAL OFFENSES CHECK HERE AND ATTACH | | |

## DEFENDANT IDENTIFICATION INFORMATION — Complete data below if known

| | DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|---|---|---|
| 1117 6284 | 8/20/69 | M | BlK | 5 7 | 140 | BR | BlK | 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 |

OURT USE ONLY➡ A hearing upon this complaint application will be held at the Boston Municipal Court, Rm. 411 on

DATE OF HEARING ___ AT ___ TIME OF HEARING ___ COURT USE ONLY

## CASE PARTICULARS — BE SPECIFIC

| NAME OF VICTIM Owner of property, person assaulted, etc. | DESCRIPTION OF PROPERTY Goods stolen, what destroyed, etc. | VALUE OF PROPERTY Over or under $100 | TYPE OF CONTROLLED SUBSTANCE OR WEAPON Marijuana, gun, etc. |
|---|---|---|---|
| Roseanne LaGoric | 24" Gold Rope Chain | $1000.00 | N/A |
| | | | |
| | | | |
| | | | |

OTHER REMARKS: Officer Cunniffe while on patrol was approached by MR Tom Brown who stated he witnessed a Robbery on City Hall, And followed suspect. Then pointed him out to officer Cunniffe. Defendant was F.I.O. Then placed under arrest after positive ID By victim. Recovered was 24 inch Gold chain. Defendent trobled victim

X _____ SIGNATURE OF COMPLAINANT

IF PROCESS IS ORDERED, THIS APPLICATION MUST BE PRESENTED AT ONCE TO PLEADING CLERK AT ROOM 411

| NAMES OF WITNESSES | Recog. to S.C. | Give place of business or employment, if in Boston, otherwise, residence | ST. NO. |
|---|---|---|---|
| Roseanne LaGoric | | 8 Marie Ave Stoneham MA | |
| Tom Brown | | 28 Carson St Dorchesting MA | |
| Robert Clark | | AREA A  3-4-91  Josey | |

State if defendant is arrested ___ Yes ___     Date of Arrest ___ 3/4/91 ___

MC-CR-2 (2/86)  **FOR ADDITIONAL REMARKS OR WITNESSES USE REVERSE OF ORIGINAL AND CHECK HERE ☐**

# BOSTON MUNICIPAL CRIMINAL COURT JURY SESSION

912855   PARKER CALVIN

912855

Defendant:              PARKER CALVIN
Also Known As

                        14 LAVENT
                        DORCHESTER , MA
Birthdate  08/20/69 Sex M S.S. # 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

Attorney Name & Address:
                        JOHN TEVNAN
                        40 COURT ST
                        BOSTON   , MA

Complaintant:           CUNNIFFE AREA A

Docket Number:  912855

Primary Court Information :
District Court : BMC    Case Type  DN

Docket # 2240   A Judge : GRECO, J

Primary Court Dispositions :
FD GUILTY-HC 6 MOS-NRA-APPEAL

Recog:
PROBATION COMMITTED  no cash con.

Docket Information : Docket #  912855

See Docket #'s   912855  -  x 9/29/6

OFFENSE Date :            03/11/91
RECEIVED Date :           04/12/91
NEXT Appearance Date :    04/23/91

Offense : LARCENY FROM PERSON
          PARKER CALVIN

912855

BOSTON MUNICIPAL COURT DEPARTMENT
FOR CRIMINAL BUSINESS -- JURY SESSION

ALIAS :
NAME - PARKER CALVIN                              JURY DOCKET # 912855
PRIMARY COURT          DOCKET NUMBER              SEE NUMBERS
BOSTON MUNICIPAL COURT 2240                            912855 -          0
1ST APPEARANCE DATE 04/23/91                      OFFENSE LARCENY FROM PERSON

Legal Counsel Fee Assessment    40      3702    ~  CPCS  (S
Legal Costs Compensation                75   TO MAY 6        STATUS
Victim/Witness Fund Assessment          CASH
Drug Analysis Fund Assessment                M
Supervised Probation Fee                                     Kelly J

MAY 6  1991        DEFENDANT IN COURT           ATTORNEY         APPEARS
  3770
        75  to   may 23                                    Kelly J
   in              testim  M

5/21/91   Corrected mitt iss'd for 5/23
          should read $750 cash   M

MAY 23 1991
  3888
          750                  Sept 3           no att present
          cash                  trial   M
          bail                                          Kelly J

June 3,1991 order of the Superior Court rec'd
   + filed: Petition for review of bail
   allowed
   100. cash to Sup. 3 M

BOSTON MUNICIPAL COURT DEPARTMENT
FOR CRIMINAL BUSINESS -- JURY SESSION

ALIAS :
NAME - PARKER CALVIN                          JURY DOCKET # 912855
PRIMARY COURT          DOCKET NUMBER          SEE NUMBERS
BOSTON MUNICIPAL COURT 2240                        912855 -
1ST APPEARANCE DATE 04/23/91                   OFFENSE LARCENY FROM PERSON

Aug 30, 1991

Deft's Motion to withdraw appea

rec'd + filed

SEP 3 1991

√49F    DNIC

ATTORNEY    CPCS APPEARS

HABEAS CORPUS TO ISSUE FOR
H.C.C., FOR APPEARANCE
OF DEFT TO ANSWER TO TESTIFY
AT M.C. 9/6/91    9 AM    100

Issued Sept 6    pers reg.
(New) case

Harshbarg. 1.

Court allows the deft oral motion to
withdraw his appeal and accept the
imposition of the previous court sentence

six

new concurrent with sentence presently being
served

HOUSE OF CORRECTION / MOS. N.R.A.

THIS COURT ORDERS THAT THE DEFT SHALL
BE DEEMED TO HAVE SERVED    29    DAYS
CONFINEMENT PRIOR TO THIS SENTENCE

MM    Zobel J

May 25, 1999 Deft. Motion (pro se)
to withdraw admission and
for new trial rec'd + filed. To be
reach June 3

dm 371    to hear re; Mot...

## BOSTON MUNICIPAL COURT DEPARTMENT
### FOR CRIMINAL BUSINESS — JURY SESSION

NAME: *Parker, Calvin*

JURY SESSION DOCKET NO. 989855

RIMARY COURT: *BMC*    DOCKET NO. *9101 CR 2240*

SEE NO. *9126*

RST APPEARANCE DATE:

OFFENSE: *Larceny From Person*

JUN 3 1999

Defendant Not In Court

*taken under consideration*

*Kelly J.*

*June 14, 1999    Δ's motion denied
Dept. mailed notice and copy of
reasons on 6-21-99*

*Kelly J. SH*

| Boston Municipal Court | NAME, ADDRESS AND ZIP CODE OF DEFENDANT |
|---|---|

4-23

Calvin Parker
14 Lavent
Dorchester, Ma

| DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|
| 8/20/59 | male | blk | 5'6" | 130 | brn | blk |

| CC. # | |
|---|---|
| 11196003 | 627 |

| DATE OF OFFENSE | PLACE OF OFFENSE |
|---|---|
| 3/11/91 | Tremont/West |

| COMPLAINANT | POLICE DEPARTMENT |
|---|---|
| Michael Hurley/Cunniffe | Area A |

| DATE OF COMPLAINT | RETURN DATE AND TIME |
|---|---|
| 3/11/91 | |

**Boston Municipal Court Department**

TO ANY JUSTICE OR CLERK-MAGISTRATE
OF THE BOSTON MUNICIPAL COURT DEPARTMENT

The within named and undersigned complainant, on behalf of the Commonwealth, on oath complains that on the date and at the location stated herein the defendant did commit the offense(s) listed below in the City of Boston and within the judicial district of Boston Municipal Court

APR 1 2 19

912855

**COUNT-OFFENSE**

A. ROBBERY, UNARMED C265 S19     4/9/91 amended to Larceny from the Person

not being armed with a dangerous weapon, by force and violence, or by assault and putting in fear, did rob, steal or take from the person of Danny Sams, or from said person's immediate control, gold chain, in violation of G.L. c.265, s.19.

**COUNT-OFFENSE**

B.

**COUNT-OFFENSE**

C.

**COUNT-OFFENSE**

D.

| COMPLAINANT OR AUTHORIZED OFFICER | SWORN TO BEFORE CLERK-MAGISTRATE/ASST. CLERK | ON (DATE) | ADDITIONAL COUNTS ATTACHED |
|---|---|---|---|
| X Michael X Hurley | X Francis J Affrey | 3-11-91 | |

CHIEF JUSTICE
William J. Tierney

| A TRUE COPY | CLERK-MAGISTRATE/ASST. CLERK | ON (DATE) | COURT ADDRESS Boston Municipal Court |
|---|---|---|---|
| ATTEST : X | | | Criminal Division Fourth Floor, New Court House Boston, MA 02108 |

# APPLICATION FOR COMPLAINT

NUMBER

**Trial Court of Massachusetts**
Boston Municipal Court Department

☒ ARREST   ☐ HEARING   ☐ SUMMONS   ☐ WARRANT

The within named complainant requests that a complaint issue against the within named defendant, charging said defendant with the offense(s) listed below.

Boston Municipal Court
Criminal Division, Room 411 —
Fourth Floor, New Court House
Boston, MA 02108

36

| DATE OF APPLICATION | DATE OF OFFENSE | PLACE OF OFFENSE |
|---|---|---|
| 3-11-91 | 3-11-91 | TREMONT + WEST |

NAME, ADDRESS AND ZIP CODE OF COMPLAINANT

P.O. MICHAEL CUNNIFF
AREA A / Michael Hurley
BOSTON MA

| NO | OFFENSE | G.L. Ch. and Sec. |
|---|---|---|
| 1 | UNARMED ROB 627 | 265-19 |
| 2 | | |
| 3 | | |
| 4 | | |

IF ADDITIONAL OFFENSES CHECK HERE ☐ AND ATTACH

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

CALVIN PARKER
14 LAURENT
DOR MA

## DEFENDANT IDENTIFICATION INFORMATION — Complete data below if known.

| C.C. # | DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|---|---|---|
| 11196003 | 8-20-69 | M | B | 5'6" | 130 | BRN | BLK | 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 |

COURT USE ONLY → A hearing upon this complaint application will be held at the Boston Municipal Court, Rm. 411 on

DATE OF HEARING

AT

TIME OF HEARING

COURT USE ← ONLY

## CASE PARTICULARS — BE SPECIFIC

| NO. | NAME OF VICTIM Owner of property, person assaulted, etc. | DESCRIPTION OF PROPERTY* Goods stolen, what destroyed, etc | VALUE OF PROPERTY Over or under $100. | TYPE OF CONTROLLED SUBSTANCE OR WEAPON Marijuana, gun, etc. |
|---|---|---|---|---|
| 1 | DANNY SAMS | GOLD CHAIN | $250.00 | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |

OTHER REMARKS: THAT THE DEFENDANT DID TAKE OFF THE NECK OF THE VICTIM ONE GOLD CHAIN, AND ATTEMPTED TO FLEE THE AREA. SUSPECT WAS APPREHENDED AT WEST St + TREMONT St.

x _Michael Cunniff_
SIGNATURE OF COMPLAINANT

IF PROCESS IS ORDERED, THIS APPLICATION MUST BE PRESENTED AT ONCE TO PLEADING CLERK AT ROOM 411

| NAMES OF WITNESSES | Recog. to S.C. | Give place of business or employment, if in Boston, otherwise, residence | ST. NO |
|---|---|---|---|
| DANNY SAMS | | 5 NEWCROFT St MATTAPAN | |
| | | 3/11/91 | |
| | | | |

State if defendant is arrested: YES

Date of Arrest: 3-11-91

BMC-CR-2 (2/86)   **FOR ADDITIONAL REMARKS OR WITNESSES-USE REVERSE OF ORIGINAL AND CHECK HERE** ☐